## H. JOSEPHINE WALL vs. JOHN STIMPSON.

First Judicial District, Hartford, May Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

To constitute a valid lease the contract should be certain in at least three limitations: the commencement, the continuance, and the end of the term.

In the present case certain premises were leased "at $60 per month payable in advance until July 1, 1909, when the rate shall be $75 per month," with a privilege of a five-year term at the latter figure. *Held,* that the words "until July 1, 1909," referred to the amount of rent to be paid per month, and not to the limitation of the term, which was left wholly uncertain; nor could it be made certain by the exercise of the privilege extended to the lessee, since the contract failed to fix any date from which the five years was to run.

A tenancy under a lease expressly reserving rent payable weekly, monthly, or quarterly, in which no definite term is fixed, becomes a periodic one from week to week, or month to month, or quarter to quarter, as the case may be, corresponding to the recurring periods fixed for the payment of the rent.

The erroneous admission of oral evidence as to the duration of a written lease, is harmless, if the decision of the trial court is identical with that demanded by the terms of the written instrument.

Submitted on briefs May 3d—decided July 12th, 1910.

ACTION to recover rent and the cost of making certain repairs, brought to and tried by the City Court of

Hartford, *Bullard, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Ralph M. Grant,* for the appellant (plaintiff).

*Samuel B. Harvey,* for the appellee (defendant).

RORABACK, J. The complaint stated that "on October 3, 1908, the plaintiff and defendant executed a lease of the premises located in the rear of No. 1122 Main Street in said Hartford, of which Exhibit 'A,' hereunto annexed, is a copy. The rent for said premises from December 1, 1908, to July 1, 1909, to the total amount of four hundred and twenty ($420.00) dollars, due under said lease, is unpaid."

The following is a copy of Exhibit "A":—"Hartford, Conn., Oct. 3, 1908. This agreement entered into this day between H. Josephine Wall and John Stimpson is to the effect that John Stimpson shall have the lease of all stables, barns, sheds and necessary yard room for teams, located in the rear of 1122 Main Street, together with the stable office and one tenement of three rooms on the floor over the office and two attic rooms overhead in the office building and also the sheds and barns on the north side of the gangway entering from Main Street, at the monthly rate of sixty dollars ($60) per month payable in advance until July 1, 1909, when the rate shall be $75.00 per mo., with the privilege of leasing the same for the period of five years at the rate of seventy-five dollars per month, payable in advance. Stimpson to make his own repairs and pay for the water and electric light used by him on said premises. No wagons may be washed under the house. Stimpson shall have the right to sublet any of this property as he pleases. Stimpson shall exempt H.

Josephine Wall from all damages to horses, to teams and men on the premises.

T. F. MULLANE, Witness.        H. JOSEPHINE WALL
JOHN STIMPSON."

The court has found that on October 3d, 1908, the plaintiff leased the premises to the defendant by a written instrument of that date, a copy of which is annexed as Exhibit A to the plaintiff's amended complaint. The defendant took possession of these premises immediately after the lease was executed, and was possessed of and occupied them until December 3d, 1908, and paid rent therefor at the rate of $60 per month. On December 3d, 1908, the defendant vacated the premises and tendered the keys thereto to the plaintiff, which the plaintiff refused to accept, and thereafter the defendant sent the keys to the plaintiff by mail. Since December 3d, 1908, the defendant has paid no rent to the plaintiff for the use of the premises.

The following conclusion was reached: That as the instrument, Exhibit A, reserved a monthly rent, namely, $60 per month for each month of occupancy prior to July 1st, 1909, and $75 per month for each month of occupancy subsequent to July 1st, 1909, but contained no agreement as to time of termination of the lease, the lease was to be construed as a lease from month to month.

The controlling question presented by the appeal is whether the court erred in making this decision.

Every contract sufficient to make a good lease for years, or for any definite period, ought to have certainty in at least three limitations, viz.: in the commencement of the term, in the continuance of it, and in the end of it. All these ought to be known at the commencement of the lease.

In the writing under consideration the words "until

July 1, 1909," are used in reference to the amount of rent to be paid per month and have no reference to the limitation of the term. If the defendant is bound to pay $60 per month from October to July, as the plaintiff claims, then for what period of time is he bound to pay $75 per month? What is the length of the term specified in the lease, and when does the lease terminate according to its terms?

There is nothing in the agreement which specifies the term for which the lease was given; nor is there any reference to any collateral fact or circumstance by which it can be made certain when it is to terminate. It is suggested, however, by the plaintiff, that the lease is capable of being made certain by the exercise of the lessee's right to fix the time for the extension. The contract does not provide that the lease may be five years after a definite term.

All that the lessee acquired by this provision in the writing was the option, which he never exercised, to convert his tenancy into one for a five-year term. Reading the writing in its most favorable light for the plaintiff, it cannot be said that it embodies a lease of the premises until July, 1909, at the rate of $60 per month. The defendant's occupation was under an agreement in which no definite term was fixed. A monthly rent was expressly reserved. When the tenant held over after the first month, with the plaintiff's consent, the tenancy became what is known as a "periodic" one, in which the basic or recurring period was a month. The tenancy was, therefore, one from month to month. Jones on Landlord & Tenant, § 215; 1 Tiffany on Landlord & Tenant, § 14 *et seq.; Coffin* v. *Lunt,* 2 Pick. (Mass.) 70, 75; *Shirk* v. *Hoffman,* 57 Minn. 230; *Prickett* v. *Ritter,* 16 Ill. 96. "The reservation and payment of rent at stated periods of the year or month is, in the absence of express agreement, the principal

criterion to determine the duration of the successive terms of a periodic tenancy." Jones on Landlord & Tenant, § 215. If the basic period is a shorter one than a year, the holding over creates a periodic tenancy, not "from year to year," but for a recurring period corresponding to the basic period fixed by the express or implied agreement of the parties, that is, one "from quarter to quarter," "from month to month," or "from week to week," as the case may be. See authorities above cited.

The court was, therefore, not in error in holding that the tenancy in this case was one from month to month, and that the lessee was entitled to vacate the premises and terminate the tenancy at the end of any month.

It is not necessary to decide whether there was error in the court's admission of oral evidence as to the duration of the lease, as it appears that the case was properly decided upon the contents of the writing. The error, if one was committed, was productive of no injury to the plaintiff.

There is no error.

In this opinion the other judges concurred.