PHILIP E. HENDRICK vs. ROBERT A. LOWE ET AL.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER AND HOLCOMB, JS.

Under § 160 of the Rules of Court (Practice Book, p. 250), illegality not apparent on the face of the pleadings must be specially pleaded. Therefore, in a suit for breach of contract in which the answer was a general denial, the defendant cannot claim judgment on the ground that the contract was made on Sunday.

An oral agreement for the sale of an interest in real estate is taken out of the statute of frauds by full performance on the part of one contracting party.

A new trial will not be granted because of the erroneous admission of evidence, if the trial court in reaching its judgment wholly disregarded the evidence in question.

Where by the defendant's breach of a contract the plaintiff lost a one-
half interest in a certain piece of land, but there were incumbrances
on the land which, as between the plaintiff and the defendant, it
was plaintiff's duty to remove, and the defendant owed to the plain-
tiff a balance on the purchase price of the land, the trial court
in assessing the damages should take into account these mutual
obligations, and assess as damages the real value of plaintiff's
interest as between him and the defendant, rather than the value
of the plaintiff's legal title as it appears of record.

Argued May 10th—decided July 26th, 1912.

ACTION to recover damages for breach of a contract
relating to real estate in which the plaintiff and defend-
ants were jointly interested, brought to and tried by the
Superior Court in New London County, *Ralph Wheeler,
J.;* facts found and judgment rendered for the plaintiff
for $3,322, and appeal by the defendants. *Error in the
amount of damages awarded.*

*Donald G. Perkins,* for the appellants (defendants).

*Charles F. Thayer,* with whom was *Charles V. James,*
for the appellee (plaintiff).

HOLCOMB, J. The following facts appear in the find-
ing of the trial court: The plaintiff made a contract in
writing, dated December 13th, 1907, with one Samuel
Lipschitz, to purchase from him certain real estate on
36th Street in Brooklyn, New York, for the agreed
price of $12,500, the deed thereof to be delivered on
January 17th, 1908, and to be conveyed subject to an
existing mortgage thereon of $7,000, and the plaintiff
was to give Lipschitz a second purchase-money mort-
gage thereon of $3,000, and to pay the $2,500 balance
of the purchase price in cash. Between December
13th, 1907, and January 17th, 1908, the plaintiff en-
tered into negotiations with the defendants, which
resulted in an oral agreement between them, whereby
the plaintiff was to take the title to said real estate in

his own name, subject to said mortgages of $7,000 and $3,000 thereon, and the defendants were to have an undivided one-half interest in said real estate, subject to said mortgages, and were to pay the plaintiff $4,000 for said interest, and the plaintiff was to undertake to sell said real estate at a price acceptable to the defendants, but the plaintiff was to charge no commission for selling said property, and was to pay the interest on said mortgages and the taxes and assessments upon said property.

Pursuant to said agreements, the plaintiff took the title to said property in his name and gave said Lipschitz a second $3,000 purchase-money mortgage thereon, and paid him the balance of said purchase price in cash, and the defendants paid the plaintiff $3,250 of the $4,000 which they were to pay him for their interest therein; and in further compliance with his agreement with the defendants, and to secure them against a sale of said property without notice to them, or for a price not acceptable to them, and for that sole purpose, there being no money consideration therefor, the plaintiff executed to the defendant Lowe a third mortgage for $8,000 upon said real estate, upon the agreement that, in case the $7,000 and $3,000 mortgages became due before the plaintiff effected a sale of said property, Lowe was to release his mortgage of record to enable the plaintiff to obtain a new mortgage upon said premises, thereby to obtain the money necessary to satisfy said maturing mortgages, and to take care of and hold said property; and this arrangement was known and assented to by the defendant Andrews.

One of said mortgages matured May 30th, 1909, and the other June 30th, 1909, anticipating which the plaintiff, in April, 1909, negotiated for a loan of $11,000 upon said property with the United States Title Guaranty and Indemnity Company of New York, and

thereupon requested Lowe to release of record his
$8,000 mortgage, so that said $11,000 mortgage could
be placed upon said property. Said Lowe refused to
release his mortgage, unless the plaintiff would pay him
$8,000, or would deed to the defendants an undivided
one-half interest in another piece of real estate situated
on 38th Street in said Brooklyn, then standing in the
plaintiff's name, and which was being carried by him
under a similar agreement with the defendants as that
relating to said 36th Street property. The plaintiff re-
fused to make said payment, or to execute said convey-
ance; and because said $8,000 mortgage was unreleased
of record the plaintiff was unable to obtain said $11,000
mortgage with which to pay said $7,000 and $3,000
mortgages, and said $3,000 purchase-money mortgage
was foreclosed, and said property sold under said fore-
closure proceedings on September 30th, 1909, whereby
the plaintiff's equity in said property was wholly lost
to him.

The trial court finds that on September 30th, 1909,
the value of said real estate was $16,000, the value of
the equity therein above the $7,000 and $3,000 mort-
gages being $6,000, the plaintiff's share therein being
$3,000, for which the court rendered judgment in his
favor, with interest thereon from September 30th,
1909, to date of judgment; total $3,322.50.

The defendants' first reason of appeal, that the con-
tract sued upon was made upon Sunday, is not sus-
tained by the evidence, and the issue of the illegality of
the contract was not raised by defendants' answer to
the complaint, which was a general denial. Practice
Book (1908) p. 250, § 160.

The transaction between these parties was taken
out of the operation of the statute of frauds by perform-
ance. *Haussman* v. *Burnham*, 59 Conn. 117, 133,
22 Atl. 1065.

The evidence referred to in paragraph thirty-four of the finding related, in part, to the 38th Street property, a deed of which Lowe demanded from the plaintiff as a condition for releasing of record his mortgage on the 36th Street property; and it also related to a deficiency judgment for $3,101.41, obtained against the plaintiff in connection with the proceedings foreclosing said $3,000 purchase-money mortgage; and the plaintiff's attorney claimed said evidence to be relevant upon the question of the damages of the plaintiff. Some of this evidence was clearly admissible to show the situation between these parties; but, inasmuch as all of it was disregarded by the trial court in the judgment rendered, the defendants were not affected by the admission of the evidence objected to. *McMahon* v. *Stratford*, 83 Conn. 386, 392, 393, 76 Atl. 983; *Wall* v. *Stimpson*, 83 Conn. 407, 411, 76 Atl. 513.

An examination of all of the evidence, with reference to the objection by the defendants to the facts as found by the court, and to the court's refusal to find the facts as requested by the defendants, discloses no ground for any change in or correction of the finding of the court.

None of the defendants' reasons of appeal are tenable, except as to the damages awarded. In the memorandum of decision, the court said: "Damages can only be predicated on the plaintiff's loss of his interest in the equity in the property over the mortgages aggregating $10,000"; and has found the entire equity to be of the value of $6,000, and that of the plaintiff's one-half interest therein to be $3,000, and has awarded him damages upon that basis. The contract of the plaintiff, however, required him to pay the interest upon said mortgages and the taxes and assessments upon the property. The record does not disclose what taxes remained unpaid on September 30th, 1909, when the

equity was taken by the foreclosure; but it does disclose that there were unpaid assessments of $660 upon said property, and that the interest upon the $7,000 and $3,000 mortgages was unpaid, and was due from January 17th, 1908, to September 30th, 1909, which upon the $7,000 mortgage at 5 per cent amounted to $595.97, and upon the $3,000 mortgage at 6 per cent amounted to $306.50, all of which sums aggregate $1,562.47, and were for the plaintiff to pay, and were liens upon his $3,000 equity in the property. His loss, therefore, and the damages he sustained by the extinguishment of his equity by said foreclosure, was the $3,000, less the $1,562.47 liens thereon, or $1,437.53. To this sum should be added $826.62, being the $750 unpaid balance of the $4,000 which the defendants were to pay him for their interest in the property, with $76.62 interest thereon from January 17th, 1908, to September 30th, 1909, the date of the foreclosure sale, making his total damage on September 30th, 1909, $2,264.15.

There is error; the judgment is set aside and the cause remanded for the rendition of a judgment for the plaintiff for $2,264.15, with interest thereon from September 30th, 1909.

In this opinion the other judges concurred.