LEWIS J. ACKERMAN *vs.* THOMAS LOFORESE ET ALS.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 10th—decided July 9th, 1930.

702

*Joseph L. Melvin,* for the appellant (plaintiff).

*Matthew H. Kenealy* and *Jackson Palmer,* with whom, on the brief, were *C. Milton Fessenden* and *Daniel E. Ryan,* for the appellees (defendants).

HINMAN, J. The trial court's conclusion, from the facts found, was that the provision, in the lease of August 11th, 1919, that it might be renewed for a further term of five years at the option of the lessee, required the execution and recording of another lease in order to make it binding upon a subsequent purchaser, and that the continued occupancy by the plaintiff after giving notice of election to renew, and the acceptance of rent by the lessor and his successor, did not operate as a renewal but created a tenancy from year to year, only, carrying no option of purchase.

The key question on this appeal is whether that conclusion is sound or, as the appellant contends, the nature of his option under the lease was such as to entitle him to a further term of five years, with all privileges under the lease, without the execution and recording of a new indenture, and that this result was effectuated by the facts as found.

It is the general rule that no new lease is necessary upon exercising an option for the extension of the term of the lease for a further specified period after the expiration of the original term, and many courts apply the same rule in the case of options for renewal. Note, L. R. A. 1916E, pp. 1238, 1240; *Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334, 340, 119 N. E. 1064; *Meadow Heights Country Club* v. *Hinckley,* 229 Mich. 291, 201 N. W. 190; *Donovan Motor Car Co.* v. *Niles,* 246 Mass. 106, 140 N. E. 304. "The view has been taken that a lease for a specified term with the privilege of a renewal on the same terms is equivalent,

where such privilege is exercised, to a demise for the full period of the two terms, without any necessity for the execution of a new lease, and this would seem to be the view which a court of equity would take in case the rights of the lessee under the privilege of renewal is there called in question, as equity regards that as done which ought to be done." 16 R. C. L. p. 889.

A technical difference is frequently recognized, however, between the effect of a covenant for renewal and one for extension, especially as to the effect of retention of possession after the original term, it being held that a stipulation for renewal does not, like a covenant to extend, of itself and alone continue the tenancy for the renewal period, but calls for a new lease, a formal extension of the existing lease or something equivalent thereto, performance by the lessee of everything required of him to entitle him to a new lease, or, at least, some affirmative act by way of creation of an additional term. *Freiheit* v. *Broch,* 98 Conn. 166, 171, 118 Atl. 828; *City Coal Co.* v. *Marcus,* 95 Conn. 454, 111 Atl. 857; *Andrews* v. *Marshall Creamery Co.,* 118 Iowa, 595, 598, 92 N. W. 706; *Kaufmann* v. *Liggett,* 209 Pa. St. 87, 58 Atl. 129; *Klein* v. *Auto Parcel Delivery Co.,* 192 Ky. 583, 234 S. W. 213; 35 Corpus Juris, p. 1025. But it is recognized that the technical difference may be controlled by the intention of the parties as manifested by the entire lease or by their practical construction of their contract, as by conduct before the controversy arose, whereby the privilege may be construed as one for an extension of term, though the language employed, in a strict technical sense, may signify renewal. The mere fact that the privilege is called one to renew is not conclusive. *Freiheit* v. *Broch, supra,* p. 169; *Klein* v. *Auto Parcel Delivery Co., supra;* 35 Corpus Juris, p. 1025.

The practical construction accorded the lease in the

present case is to that effect. The lessee (plaintiff) gave seasonable notice of his exercise of his option, stating that he thereby renewed the lease for the further period of five years, but offering—in case the lessor construed the contract as requiring a new lease—to accede and execute it. So far as appears, the only definite response made by the lessor, Angelo Roina, to this communication is the letter written by his attorney on August 27th (Exhibit I). This contained no mention or suggestion of a necessity or desire for execution of a new lease. It recognized the lessee's right to the additional term, but claimed that he had no right to sublet and stated that Ackerman himself must occupy the premises or, as a condition of subletting, pay an increased rent of $240 per month. To this the plaintiff's attorney replied (Exhibit J) asserting a right to sublet, under the lease, and to reimbursement for a claimed overpayment on account of rent. After having refused for three months to accept checks for the monthly rent, Roina then (about November 15th, 1924) accepted the rent for these three months and constantly thereafter up to September 15th, 1929, the expiration of the second five-year period, he and his successors in title accepted payments of the monthly rent, from the plaintiff—who during that time occupied the premises either personally or by a subtenant, without protest or molestation, so far as appears, from the lessor or his successors, or further objection to subletting or demand for increased rent. The sublessee—Dutee Wilcox Flint, Inc.—in possession at the time Exhibit I was written (August 27th, 1924) remained until April, 1926, under a sublease and oral extension thereof. Apparently it was not until this action was brought to enforce the lessee's option of purchase that the defendants made claim that a new lease was necessary.

It is fair to assume that if Angelo Roina, instead of acquiescing in the plaintiff's attitude and claims, had asserted that a new lease was necessary or continued to refuse to accept rent, or moved to prevent subletting, or otherwise persisted in an attitude contrary to or inconsistent with the rights of the plaintiff under an extended term of the lease upon the same conditions, the plaintiff thereupon would have sought judicial relief by way of specific performance or other available remedy to which, under a technical covenant to renew, he manifestly would have been entitled. *Freiheit* v. *Broch, supra.* Roina's acquiescence and conduct and that of his successors was consistent only with a construction that the word "renewed" was used in the lease as synonymous with "extended" or with an admission that the exercise by the plaintiff of his election to renew was such an affirmative act as to create the renewal. *Andrews* v. *Marshall Creamery Co., supra.* Having led the lessee into relying upon that construction as the correct one, or that his act was sufficient to effectuate a renewal, they may not now be heard to assert the contrary. *Kentucky Lumber Co.* v. *Newell,* 32 Ky. L. R. 396, 105 S. W. 972.

The trial court's conclusion, in effect that nothing short of the execution and recording of another lease would suffice to effectuate the plaintiff's right to the further term and the accompanying option to purchase, was not justified by the facts found and the applicable legal principles. These required that the plaintiff be held to possess the option to purchase upon which this action is based, at least as against the original lessor, Angelo Roina.

The finding shows that on January 12th, 1926, Angelo conveyed by quitclaim deed through a third party, these and other premises to the defendant Annunziata Roina, his wife, and on February 16th, 1927, she con-

veyed these premises to the defendants Thomas and Josephine Loforese, the latter being a daughter of Angelo and Annunziata Roina. Under our view as to the legal situation of the plaintiff, the question of the notice, actual or constructive, with which the defendants are chargeable, as to the plaintiff's rights in and concerning the premises, attains an importance which it did not have under the trial court's view that such rights were merely those of a tenant from year to year, and therefore that inquiry by the defendants would only have disclosed such a tenancy. The bona fides of the several conveyances and the nature and extent of notice which the defendants had of the facts and resulting rights, and its adequacy to charge them with liability to respond to the plaintiff's option to purchase become material issues upon retrial of the case. On the issue of notice the sublease from the plaintiff to Dutee Wilcox Flint, Inc. (Exhibit M for identification) and that to the Greenwich Motors Corporation (Exhibit L for identification), both recorded in Greenwich, which were offered in evidence and excluded, were admissible.

There is error and a new trial is ordered.

In this opinion the other judges concurred.