JOHN BAIER ET AL. *vs*. ALEXANDER SMITH.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 3d, 1935.

*William H. Fogerty,* for the appellant (defendant).

*Robert L. Halloran,* with whom, on the brief, was *W. Johnston Willetts,* for the appellees (plaintiffs).

HINMAN, J. The written lease entered into by the defendant and the plaintiffs was of a store in Hartford for a term of five years from May 1st, 1930, at the monthly rental of $150 for the first two years and $175 for the succeeding three years. It contained a provision that as security for the fulfilment of its terms by the lessees they agreed to deposit with the lessor $500 to be held as liquidated damages in the event of failure of the lessees to fulfil their part of the agreement, and if the sum be not required for liquidated damages then to be applied on the final monthly instalments of rent. Upon the execution of the lease the plaintiffs deposited that sum with the defendant and entered into possession of the premises. In the fall of 1931 they had a conference with the defendant concerning a reduction in the rent and informed him that as a result of decrease in business they would be unable to continue unless the rent was reduced. On or about May 1st, 1932, by oral agreement of all the parties the monthly rental was modified and changed

to $160 per month and on or about June 1st, 1932, to $150 per month. The plaintiffs paid to the defendant and the latter accepted a check dated May 16th, 1932, for $150 and thereafter the defendant accepted checks from the plaintiffs of $150 for each month up to January, 1934. The defendant did not ask or demand any sums other than those so paid to him, or inform the plaintiffs that he accepted the payments on account of rent or that the difference between the reduced rental and that specified in the original lease was to be applied against the deposit. The plaintiffs performed all the conditions and terms of the lease as so modified until January, 1934, when the defendant, in order to avoid a judgment of foreclosure, quitclaimed the property and relinquished his interest in and control thereof to the first mortgagee. Thereafter the lease in question was terminated and a new one was entered into between the plaintiff and the first mortgagee as the new owner. The latter makes no claim to the $500 deposit but the defendant still retains it and refuses to return it to the plaintiffs. The trial court upon the foregoing facts held the plaintiffs entitled to a return of the deposit and rendered judgment that they recover the amount of it from the defendant.

The appellant seeks to substitute for the finding that the specification, in the lease, of the amount of rental was modified and changed to a smaller amount, one to the effect that the defendant agreed to accept the reduced amount as payment on account, only, and that the making and acceptance of those payments left a balance of $515 unpaid and payable to the defendant, and to which he was entitled to apply the deposit. The evidence as to the nature of the agreement was conflicting and the finding pertaining thereto is well sustained by evidence and legitimate inferences therefrom.

The principal claim of law advanced by the defendant on the trial, and here by assignments pertaining to rulings on evidence and to the judgment rendered, is that the plaintiffs were not entitled to show by parol evidence that the provision of the lease as to rental was modified as claimed. The general principle applicable to oral modification of written contracts is that the rule against the admission of parol evidence "does not apply to the establishment by parol of an agreement between the parties entered into subsequent to the time when the instrument was executed, notwithstanding such agreement may have the effect of changing the contract evidenced by writing. Such parol evidence does not controvert the original agreement but seeks to establish that the parties have, for a legal consideration, by a subsequent, distinct and separate transaction, exercised their right to change the terms of that agreement." *Simone* v. *Kirschner,* 100 Conn. 427, 428, 124 Atl. 20; *O'Loughlin* v. *Poli,* 82 Conn. 427, 74 Atl. 763. Under the general rules applicable to oral modification of written contracts, in the absence of statutory restrictions a written lease may be subsequently modified as to the amount of rent, by oral agreement. 1 Tiffany, Landlord & Tenant, § 173f; 36 C. J. p. 347; 35 C. J. p. 1171. The parol evidence rule is not violated by proof that subsequent to the execution of a lease the lessor orally agreed to accept a smaller rent than that stipulated. *Boos* v. *Dulin,* 103 Iowa, 331, 335, 72 N. W. 533; *Hastings* v. *Lovejoy,* 140 Mass. 261, 266, 2 N. E. 776; *Wilson* v. *People's Gas Co.,* 75 Kan. 499, 89 Pac. 897. Such an agreement reducing future rent, especially where, as here, the parties have acted upon it, the lessee continuing to occupy the premises and paying the reduced rent and the lessor accepting it, is valid and binding.

*Nicoll* v. *Burke,* 78 N. Y. 580; *McKenzie* v. *Harrison,* 120 N. Y. 260; *Zindler* v. *Levitt,* 116 N. Y. Sup. 726.

The appellant now advances a further claim that the modification agreement transgresses the statute of frauds (General Statutes, § 5982). We find in the record no suggestion that this claim was made upon the trial, but even if it was available upon appeal it would be disposed of by the fact that the reduced rent was actually paid and accepted. The actual acceptance of the substituted performance constitutes, in effect, an accord and satisfaction. *Hendrick* v. *Lowe,* 85 Conn. 635, 638, 84 Atl. 89; *Doherty* v. *Doe,* 18 Colo. 456, 33 Pac. 165; *Bowman* v. *Wright,* 65 Neb. 661, 663, 91 N. W. 580; *McKenzie* v. *Harrison,* supra; *C. S. Brackett Co.* v. *Lofgren,* 140 Minn. 52, 56, 167 N. W. 274; *Hastings* v. *Lovejoy,* supra; 1 Tiffany, Landlord & Tenant, § 173, p. 1059; 25 R. C. L. pp. 709, 711. The finding discloses that for twenty months following the modification agreement, and until he had parted with his interests in the lease and the leased premises, the defendant accepted payments of rent at the reduced amount without demanding any further sums or intimating that he was receiving the payments on account only, as he subsequently claimed.

The same element in the situation meets the appellant's further claim that the agreement for modification lacked consideration. A consideration would be necessary to support it while it remained executory, but when the agreement has been executed as to payments which have fallen due and been paid and accepted, as per the agreement, the rule has no application. *McKenzie* v. *Harrison,* supra; *C. S. Brackett Co.* v. *Lofgren,* supra, p. 56; *Doyle* v. *Dunne,* 144 Ill. App. 14; *Conlan* v. *Spokane Hardware Co.,* 117 Wash. 378, 201 Pac. 26; 36 C. J. 346.

The quit claim of the property to the first mortgagee

also operated as an assignment to it of the lease and carried with it the right to rent subsequently accruing. *King* v. *Housatonic R. Co.*, 45 Conn. 226, 233; *Taylor* v. *Kennedy*, 228 Mass. 390, 394, 117 N. E. 901. The lease continued in effect until terminated by the making of the new one. We have no occasion to inquire whether if, after having accepted the reduced rent for a period, the lessor had asserted a right to future payments at the rate provided in the original lease, or if his releasee, the first mortgagee, had claimed such a right, he or it would have been entitled thereto.

There is no error.

In this opinion the other judges concurred.