JOSEPH BLANCK *vs.* THE KIMLAND REALTY COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 5th, 1936—decided January 8th, 1937.

*William J. McKenna,* with whom was *Anthony A. E. DeLucia,* for the appellant (plaintiff in error).

*Benjamin F. Goldman,* for the appellee (defendant in error).

BROWN, J. By a writing of May 14th, 1935, the defendant in error, hereinafter referred to as the defendant, leased to the plaintiff in error, hereinafter

referred to as the plaintiff, "for the balance of this year 1935," property in West Haven designated as Newt's Bingo Stand where an amusement park concession had been operated. The plaintiff took possession and paid the rent for 1935, $100 on the signing of the agreement and the final instalment of $150 on August 5th, 1935. The agreement contained the following provision: "It is also understood that Mr. Joseph Blanck has the privilege of renewing this agreement for the years 1936 and 1937 for the same rental." It is undisputed that the plaintiff continued in possession without any further payment of rent or communication with the defendant concerning the renewal of the lease, and on March 6th, 1936, a summary process action was instituted. From the judgment for the plaintiff therein (present defendant) to recover possession of the premises, the case was brought by writ of error to the Court of Common Pleas which found no error.

The vital question determinative of this appeal is whether or not the plaintiff's tenancy had terminated when the summary process proceeding was instituted. Since the provisions of the lease agreement that the term was for the balance of the year 1935, are clear and free from ambiguity, the concrete question to be determined is reduced to this, whether, under the renewal provision above quoted, the mere continuing possession of the plaintiff subsequent to December 31st, 1935, was effective to extend the lease. It becomes important in this connection to conclude whether this provision constitutes a covenant for renewal or one for the extension of the lease.

This depends upon the intention of the parties to the instrument. *Carrano* v. *Shoor*, 118 Conn. 86, 93, 171 Atl. 17; *Freiheit* v. *Broch*, 98 Conn. 166, 169, 118 Atl. 828. "The question as to which exists may be controlled by the intention of the parties as manifested

by the entire lease, or by their practical construction of their contract, whereby the privilege may be construed as one for an extension of the term although it is called one for a renewal." *Johnson* v. *Mary Oliver Candy Shops, Inc.*, 116 Conn. 86, 89, 163 Atl. 606; *Ackerman* v. *Loforese*, 111 Conn. 700, 704, 151 Atl. 159. The present record, however, is devoid of any facts revealing a practical construction of the contract by the parties, so that we must resort solely to the agreement itself to determine the question.

Although the lease agreement under which the plaintiff entered into possession of the property, expressly provides for his privilege of renewing the agreement, as shown by the words above quoted, and these, taken by themselves, suggest a covenant of renewal, this is not necessarily the effect to be given them. While the use of the word "renewal" imports the giving of a new lease like the old one, it does not necessarily indicate that it is used in this strict and technical sense, for the entire lease may determine otherwise. Whether such a clause is a covenant of renewal or an agreement for an extension, depends, as we have said, upon the intention of the parties to the lease. *Freiheit* v. *Broch*, supra; *City Coal Co.* v. *Marcus*, 95 Conn. 454, 460, 111 Atl. 857; *Maltby, Inc.* v. *Associated Realty Co.*, 114 Conn. 283, 288, 158 Atl. 548. So to determine the question here, the instrument as a whole must be considered to ascertain the intent of the parties.

Its outstanding characteristic is its informality. It is neither under seal nor acknowledged, nor is even its place of execution stated in it. The premises rented are described simply as "property at the corner of Beach Street and Campbell Avenue known as Newt's Bingo, also land in the rear of the Bingo stand and to the end of the line." In short, it is but a terse memorandum with no pretense to the formality of a lease.

To construe the renewal provision of such an instrument to be a covenant to renew, would not accord with the very nature of their agreement itself as written and executed by the parties. To so interpret it and hold another similar informal writing must be obtained to extend the term would be against common sense, while to hold the execution of a formal lease essential to the purpose would import a requirement of formality quite beyond their apparent contemplation.

That such a construction is unwarranted we have in effect decided in interpreting an agreement of lease practically upon all fours with the one now before us. Thus in *Maltby, Inc.* v. *Associated Realty Co.*, supra, we held an agreement consummated by an exchange of letters providing for a lease for one year, "with privilege of renewing lease for five years," to be one for an extension and not a covenant of renewal, in these words: "There is no express covenant on the part of the lessor to enter into a new lease, and we think the agreement in this case is to be construed as one for an extension rather than a covenant of renewal in the strict sense." This is controlling authority for our conclusion that in the present case the agreement was for an extension of the lease and not a covenant of renewal.

Therefore, the plaintiff having a privilege of extension under the agreement, and no notice to the defendant, or other act of the plaintiff being required as a condition of the exercise of the privilege, his mere holding over the original term constituted a sufficient exercise of his option for an extension. *Delashman* v. *Berry*, 20 Mich. 292; *Quinn* v. *Valiquette*, 80 Vt. 434, 442, 68 Atl. 515, 518; note, 29 L. R. A. (N. S.) 175; 16 R. C. L. 894; and see *Johnson* v. *Mary Oliver Candy Shops, Inc.*, supra. Accordingly, the plaintiff's lease

had not expired when the summary process action was instituted and judgment rendered therein. The Court of Common Pleas, therefore, erred in entering judgment sustaining that judgment in favor of the present appellee.

There is error, and the case is remanded with direction to enter judgment for the plaintiff in error.

In this opinion the other judges concurred.