## JACOB H. RUBIN
*vs.*
## ALFRED J. McCLURE, ET AL.

Superior Court     New Haven County     File No. 54712

### MEMORANDUM FILED FEBRUARY 14, 1939.

*Samuel M. Gordon,* of New Haven, for the Plaintiff.

*Beers & Beers,* of New Haven, for the Defendants.

BOOTH, J. The action is for the recovery of a balance alleged to be due to the plaintiff as rent under the terms of a written lease between him and the defendants. In defense, the defendants admit entering into the lease upon the terms specified therein, but deny they have not paid and still owe a balance thereunder. In addition, they set forth a special defense in which they allege that subsequent to the execution of the lease the amount of rent specified therein was by mutual consent of the parties reduced to a sum which was paid by the defendants and accepted by the plaintiff in full satisfaction of the rent of the premises in question. This defense was denied by the plaintiff and thus the parties were at issue.

The evidence disclosed that on June 27, 1931, the defendants, who had previously been tenants of the plaintiff for several years, entered into a written lease of certain offices in a build-

ing owned by the plaintiff for a term from October 1, 1931, to the last day of September, 1936, at a monthly rental of two hundred and fifteen ($215.00) dollars, that in April, 1933, by oral agreement of both parties the monthly rental provided for in the lease was modified and changed to one hundred and seventy-five ($175.00) dollars per month; that thereafter the defendants paid to the plaintiff, and the plaintiff accepted from the defendants, checks of one hundred seventy-five dollars ($175.00) each month from April, 1933, up to and including the last day of September, 1936. The plaintiff did not during the period of the lease nor for 17 months after it had terminated ask or demand any sums other than those so paid him or inform the defendants that he accepted the payments on account of the rent as specified in the lease. The defendants performed all the conditions and terms of the lease as so modified until the last day of September, 1936, and thereafter until November, 1937, continued as tenants of the plaintiff in the same premises paying therefor the sum of one hundred and seventy-five ($175.00) dollars monthly, which was also accepted by the plaintiff in full payment for said latter tenancy. On March 2, 1938, after the defendants had moved from the premises, the plaintiff for the first time demanded of the defendants the difference between the amount of rent specified in the written lease from April, 1933, to September 30, 1936, and the amount previously paid by the defendants and accepted by the plaintiff during said period pursuant to the oral modification as before stated. This amount was sixteen hundred and forty ($1640.00) dollars, and it has not been paid.

At the trial it was claimed first, that no modification agreement concerning the rent reserved in the lease in question was in fact entered into by the parties, but the finding of the court concerning this feature is to the contrary, as appears above. Second, that even though it be found there was such agreement, it was unenforceable because it lacked a consideration, but as the agreement was fully executed as to payments which fell due thereunder and the payments were made and accepted in accordance therewith, the rule which requires a consideration for an agreement has no application. *Baier vs. Smith*, 120 Conn. 568, 572. Third, that the oral agreement changing the terms of the written lease transgressed the statute of frauds, but as it is found that there was an actual acceptance by the plaintiff of the substituted performance by the defendants, it constitutes, in effect, an accord and satisfaction. *Baier vs.*

*Smith, supra.*

In view of the foregoing, it is found that the second defense alleged by the defendants has been properly established and that it is a complete defense to the action set forth by the plaintiff in his complaint.

Judgment may, therefore, enter for the defendants upon the issues of the complaint and for the defendants to recover of the plaintiff their costs.