JAMES L. CORTHOUTS *v.* CONNECTICUT FIRE SAFETY SERVICES CORPORATION

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 14-621-6774

Argued October 11, 1962—decided March 7, 1963

*Frank A. Francis,* of Hartford, for the appellant (plaintiff).

*Fannie Himmelstein,* of Hartford, for the defendant (appellee).

KOSICKI, J. The plaintiff entered into a written lease with the defendant for the letting of certain premises in Hartford owned by the plaintiff. The lease was for one year from August 1, 1959, reserving an annual rental of $2100 payable in monthly payments of $175. Among the usual printed clauses were the following special provisions: "The Lessee shall have the privilege and option to extend this lease for a period of one year from the date of the expiration of the term hereof, as originally limited. The exercise of said option shall act as and be an extension of this lease on the same terms and conditions as those recited herein, except that the rental to be paid shall be increased to $200.00 per month. . . . It is further understood and agreed that the Lessee shall pay as security for the faithful performance of the terms and conditions of this lease, and any extension thereof, the sum of $175.00, which shall be applied to the last month of the term of this lease, or any extension thereof, provided the Lessee shall not have defaulted in any of the terms hereof."

The defendant paid the security deposit and fully performed its obligations under the lease for the original term. It then continued to occupy the premises until December 31, 1960, paying to the plaintiff a monthly rental of $175 by check, each check having printed on its face the legend, "By endorsement this check is accepted in full payment of the following account," below which was written, "Rent." The checks were accepted and deposited by the plaintiff and were in addition to the deposit of $175 made by the defendant upon execution of the lease. At no time did the defendant inform the plaintiff that it was occupying the premises under its optional extension; nor did the defendant request that the security deposit be applied to the last month's rental of the original term or to any month thereafter. On several occasions after August 1, 1960, the plaintiff demanded an additional $25 per month, which demands the defendant ignored. During December, 1960, or January, 1961, the defendant moved out. It did not notify the plaintiff it was vacating the premises, nor did the plaintiff learn it had quit occupancy until late in January or early February, 1961. The premises remained vacant until April, 1961, at which time the plaintiff rented them to another tenant at less rental than was stipulated in the lease. The plaintiff claims the balance of rent at $200 a month to July 31, 1961, after allowance of credit for payments made, the security deposit, and the receipt of rentals from the substitute tenant.

Upon these facts, the court concluded that the mere holding over by the defendant did not constitute an exercise of its option to extend the lease for an additional year; that the term of the lease had expired and, through the operation of General Statutes § 47-22, there was no agreement for a further lease; that the tender of rental of $175 monthly

negated a presumption that the holding over was an exercise of the option to extend the lease; that the tenancy was one at sufferance; that the amount paid was the reasonable value of such occupancy; and that the defendant owed nothing to the plaintiff. The sole issue presented by this appeal is whether, under the provisions of the lease, the relevant circumstances and the conduct of the parties, recited above, there was an extension of the lease for one year at the increased rental. The essential facts are not in dispute, and therefore the construction of the lease in this case becomes one of law.

At common law, holding over after termination of a lease for one year created a new term for one year. *Bacon* v. *Brown,* 9 Conn. 334, 338. This rule has been nullified by statute, and now there is no implied contract for one year after the expiration of a term for one or more years. General Statutes § 47-22. This statutory rule, however, in a situation such as the one here, applies only where there is a fixed tenancy of a year with no provision in the lease for a further contract by renewal or extension. See, for instance, *Shulman* v. *Hartford Public Library,* 119 Conn. 428, 432. Upon termination of any fixed term, a new contract is necessary to create a tenancy other than one for one month only, and lacking such a contract, the tenancy is one at sufferance.

The statute has usually been applied in situations where the term of the lease was for one or more years. It is equally applicable to leases for shorter terms and provides (1) that no holding over shall be evidence of any agreement for a further lease (thus making the tenant one at sufferance; *Welk* v. *Bidwell,* 136 Conn. 603, 608; and liable for the reasonable value of the occupancy; *DiCostanzo* v.

*Tripodi,* 137 Conn. 513, 514, 515) and (2) that parol leases reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed as leases for one month only. This last provision of the statute has been held, where no disagreeement as to terms was involved, to result in a month-to-month tenancy, with the tenant liable for one month's rent at the old rental for each month of full or partial occupancy, with the right to terminate the tenancy at the end of any month. *Williams* v. *Apothecaries Hall Co.,* 80 Conn. 503, 505; *Byxbee* v. *Blake,* 74 Conn. 607, 610. It may be noted, parenthetically, that where a lease is oral or inartificially drawn and does not fix a term or define a period for which it is to run, it is one for a periodic tenancy based upon the extent of time for which rent is, in sequence, reserved. "If the basic period is a shorter one than a year, the holding over creates a periodic tenancy, not 'from year to year,' but for a recurring period corresponding to the basic period fixed by the express or implied agreement of the parties, that is, one 'from quarter to quarter,' 'from month to month' or 'from week to week,' as the case may be." *Wall* v. *Stimpson,* 83 Conn. 407, 411; *Williams* v. *Apothecaries Hall,* supra, 506; *Noll* v. *Moran,* 94 Conn. 452, 458; *City Coal Co.* v. *Marcus,* 95 Conn. 454, 461.

A lease for a definite term, as in the case before us, may provide for continuation of the term initially reserved upon exercise of an option by the lessee. This may be done by express agreement for renewal of the lease or for its extension, upon the same or other terms, and with or without notice. Ordinarily, a provision for renewal calls for the execution of a new lease, whereas an extension does not require a new document if, in the existing lease, at least three of the limitations for a valid lease are certain: the commencement, the continuance, and

the end of the term. *Didriksen* v. *Havens,* 136 Conn. 41, 44; *Johnson* v. *Mary Oliver Candy Shops, Inc.,* 116 Conn. 86, 89; *Ackerman* v. *Loforese,* 111 Conn. 700, 703; *City Coal Co.* v. *Marcus,* supra, 459; *Wall* v. *Stimpson,* supra, 409; *Platt* v. *Cutler,* 75 Conn. 183, 186. If the lease provides for an extension of the reserved term, it "operates as a continuous one, and the holding for a term exceeding the minimum provided in the agreement, does not require any additional instrument to give it validity." *City Coal Co.* v. *Marcus,* supra. For the protection of the lessor, an option to renew must be signified before the expiration of the original term so that the lessor should not be left without a tenant at the end of the term; and neglect to so signify amounts to a failure to perform a condition on which the lessee's right to another term depends. *Renoud* v. *Daskam,* 34 Conn. 512, 516.

Where notice for renewal or extension is required by the lease, it is a condition precedent for continuation of contractual occupancy, unless the notice had been waived by agreement or conduct of the parties. If no notice is required of the lessee, the general rule, here and elsewhere, is that mere continuation of occupancy, at the end of the original term, constitutes a sufficient exercise of the lessee's option for an extension. *Johnson* v. *Mary Oliver Candy Shops, Inc.,* supra; *Blanck* v. *Kimland Realty Co.,* 122 Conn. 317, 320.

In concluding that the defendant had not exercised its option to extend the lease, the court was in error. Section 47-22 has no application in this case. There was no expiration of a term, with no further agreement, but the end of the original term and continued occupancy under the extension provided for in the lease. No notice was necessary, and the plaintiff, in the absence of anything to the con-

trary, was entitled to rely on the fact that the extended tenancy was by force of the stipulation in the lease and not under any other agreement, implied in fact or in law. Nor can the defendant escape its clearly defined liability by claiming ignorance of the terms of the lease or that its intention was not to extend it. "Where the parties have reduced their agreement to a writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." *Didriksen* v. *Havens,* 136 Conn. 41, 48.

In its special defense, the defendant pleaded that acceptance by the plaintiff of the checks, for monthly rentals of $175 each, for the period August 1 to December 31, 1960, created either a month-to-month tenancy or a tenancy at sufferance; and the court has found that the tenancy so established was one at sufferance. There was no plea or claim that these payments constituted an accord and satisfaction; we therefore do not need to consider what effect the acceptance of these checks might otherwise have had on the plaintiff's demand for additional payment.

There could be no dispute in this case as to the rental to be paid, as there was in *Welk* v. *Bidwell,* 136 Conn. 603. The only contract between the parties provided that continued occupancy was to be at the increased rental. Any other construction would place the defendant in a position to profit by its breach. The defendant contended, in effect, that acceptance by the plaintiff of the monthly checks of $175 each was evidence of a tenancy from month to month and an abandonment of the right of renewal. Such tenancy could arise only in the absence of an express contract for an extension or by an agreement of the parties on such a tenancy. There is no evidence of any agreement except that

contained in the lease. Failure on the part of the defendant to pay the full amount of the rent determined in the extension provision may have enabled the plaintiff, at his choice, to oust the defendant; it did not compel him to do so. He could treat the defendant as his tenant under the lease and enforce the obligations thereunder, as he has done in this action. The mere fact that the plaintiff accepted a lesser sum than was due under the contract did not deprive him of the right to sue for the balance. There was no consideration for the reduction of rent for the extended term. The reduction was not made known to the plaintiff in an unmistakable manner, so that he was bound to understand that he could cash the checks only on condition that his rights under the lease were relinquished. See *Keller* v. *Rohde,* 109 Conn. 244, 248. The plaintiff was under no obligation beyond that of giving proper credit for the money received, and he did so. *Williams* v. *Apothecaries Hall Co.,* 80 Conn. 503, 508; *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 658.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as he may prove on a new trial limited to the issue of damages.

In this opinion PRUYN and DEARINGTON, Js., concurred.