D. H. Overmyer Company, Inc. *v.* United Aircraft
Corporation (Pratt and Whitney Aircraft
Division)

Appellate Division of the Circuit Court

File No. CV 12-6903-3509

Argued April 6—decided June 19, 1970

*Steven R. Humphrey,* of Hartford, for the appellant (plaintiff).

*Ralph C. Dixon,* of Hartford, for the appellee (defendant).

Kinmonth, J. In its complaint the plaintiff alleged that the parties entered into a lease, dated July 26, 1966, for a term of two years from December 23, 1966, with a renewal option; that the defendant failed to renew the option and the lease terminated December 23, 1968; and that the plaintiff had caused notice to be served on the defendant to vacate the premises on or before February 10, 1969. The defendant answered by denying the latter allegations, and by way of special defense it alleged that it had exercised its right to renew and that monthly rents had been paid in accordance with the terms of the extended lease. In a second special defense the defendant alleged that the plaintiff had waived the legal effect of any notice to vacate the premises by accepting the monthly rental for the period from

January 21, 1969, to February 21, 1969. Judgment having been rendered for the defendant, the plaintiff has appealed, assigning error in the court's finding and conclusions. The plaintiff does not pursue its attack on the finding in its brief, and therefore that attack is deemed abandoned. *French* v. *Oberreuter,* 157 Conn. 181, 184; *Wells* v. *Carson,* 140 Conn. 474, 477. As a matter of fact, the plaintiff states in its brief that the issue is, Was the trial court correct in concluding from the subordinate facts, and from all the evidence that the defendant properly exercised its option to renew the lease?

The assignment of error addressed to the court's conclusions is not in conformity with our rules as set forth in § 989 (3) and Form 819 (B) of the Practice Book, but, from the brief and argument, we shall treat the appeal as being on the ground that the conclusions are not supported by the subordinate facts. The conclusions of the court must be tested by the finding and not by the evidence. We do not retry facts or determine the credibility of witnesses. *French* v. *Oberreuter,* supra; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655. The conclusion of the court that the defendant had effectively renewed the lease must stand unless it is legally or logically inconsistent with the facts or unless it involves the application of an erroneous rule of law material to the case. *Commission on Human Rights & Opportunities* v. *Veneri,* 157 Conn. 20, 23; *Yale University* v. *Benneson,* 147 Conn. 254, 255.

The following facts were found by the court. In July, 1966, the plaintiff and the defendant entered into a lease agreement to run from December, 1966, to December 21, 1968. Section XX of the lease contained provisions for the renewal of the lease for three additional successive one-year periods by the defendant's giving notice of its intention to renew

not less than ninety days prior to the expiration of the term.[1] By the terms of the lease, the plaintiff was to provide the defendant with spaces adequate for forty automobiles. On September 3, 1968, more than ninety days prior to the expiration of the original term of the lease, the defendant mailed a letter, return receipt requested, addressed to the plaintiff and reciting: "Notice is herewith given of the exercise of the option granted in § XX of the subject lease, and the extension of the lease for one (1) year, commencing December 22, 1968, and ending December 21, 1969, at an annual rental of $84,000.00. We shall forward the lease documents under separate cover." This letter was received by the plaintiff on September 11, 1968, more than ninety days before the expiration of the original term. On September 3, 1968, the defendant sent by regular mail lease papers and a covering letter which recited: "Enclosed please find the new lease and notice of lease documents prepared to cover the period December 22, 1968 through December 21, 1969. If these are in order, please have the same executed and return for signature by United." This notice of lease and lease contained changes from the original lease in that they called for additional parking spaces and an additional year. The plaintiff understood that its

---

[1] "Section XX—RENEWAL OPTION. For and in consideration of the execution of this lease by the tenant, the Landlord, for itself, its successors and assigns, does hereby grant unto the Tenant the right and option to renew and extend the term of this lease for three (3) additional successive periods of one (1) year each. Each such renewal and extension shall be on like covenants, agreements, terms, provisions and conditions as are contained herein (unless changed or modified by mutual consent), except that the annual rental for each of the three (3) additional one (1) year periods shall be eighty-four thousand dollars ($84,000.00) payable in equal monthly installments of seven thousand dollars ($7,000.00) in advance. Such right and option to extend the term or terms hereof may be exercised and the term or terms thereby extended by written notice thereof given by the Tenant to the Landlord not less than ninety (90) days prior to the expiration of the original term hereof or the then extended term."

execution of the new lease documents was not necessary to the defendant's exercise of its option to extend the term of the lease. On September 25, 1968, the defendant sent a letter to the plaintiff enclosing a certificate of insurance, as required under the lease, which extended the insurance coverage through October 1, 1969. The plaintiff did not reply to these letters. On October 3, 1968, the defendant sent a letter to the plaintiff relating to the installation of a sign. Late in November, 1968, the defendant, by its representative, contacted the plaintiff's representative in regard to the sign and the lease papers. Although numerous phone calls were made between the parties, nothing was done until December 18, 1968, when the defendant's representative went to the offices of the plaintiff's representative. It was then discovered that the new lease called for additional parking space and an additional year. The defendant then requested that the errors be corrected, but the plaintiff refused. The plaintiff then informed the defendant that it had not properly exercised its option because of these errors. On December 19, 1968, the defendant forwarded a corrected new lease, identical in all respects to the terms of the original lease, to the plaintiff. On January 28, 1969, the plaintiff served the defendant with a notice to quit possession. On February 18, 1969, the plaintiff advised the defendant that acceptance of rent beyond the term did not constitute a waiver of any of the plaintiff's rights.

From these facts the court concluded: The letter of September 3, 1968, expressed an unequivocal exercise of the option to extend the lease, and no new documents were required. The changes as to parking spaces and an additional option period contained in the forwarded lease documents could not conceivably be considered to be significant when viewed together with the full lease and the defendant's desire to

exercise the option to renew. The defendant's acts and conduct in sending a new certificate of insurance, in inquiring concerning the posting of a sign and in requesting the return of the lease documents were all consistent with the desire to continue the lease. The plaintiff did not waive any of its rights by accepting rent payments.

The plaintiff maintains that the defendant did not exercise its option, since the new lease papers submitted varied the terms of the original lease and therefore amounted to a counter offer. In this we cannot agree, as under the renewal option (§ XX) it was not necessary that a new lease be entered into but rather the lease could be extended on giving the required ninety-day notice, and, this having been done, that was all that was required to extend the lease. *W. G. Maltby, Inc.* v. *Associated Realty Co.,* 114 Conn. 283, 288; *Blanck* v. *Kimland Realty Co.,* 122 Conn. 317, 320. The letter of September 3, 1968, was an unequivocal expression of the exercise of the option, and the letter containing the new lease documents was superfluous, as was admitted by the plaintiff.

The conclusions of the court are amply supported by the subordinate facts and must stand, since they are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the case. *Solari* v. *Seperak,* 154 Conn. 179, 184.

There is no error.

In this opinion DEARINGTON and DiCENZO, Js., concurred.