[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action is brought in four counts. In the first count plaintiffs John Santopietro, Albert Santopietro and Salvatore Santopietro claim that they entered into a two-year lease arrangement whereby the defendants had a right and privilege to occupy certain commercial premises at 2150 East Main Street in Waterbury, Connecticut, for a rental payment of $2,500 per month.
According to the claim in the first count, the lease commenced on September 1, 1993, and terminated on September 1, 1995. The plaintiffs contend that since the defendants had no right or privilege thereafter to occupy the premises, a notice to quit possession was served properly on the defendants on September 22, 1996.
In the second count the plaintiffs claim that prior to the expiration of the aforesaid lease, they demanded an increase in rent to $3,500 per month for each month after September 1, 1995. The plaintiffs assert that since the defendants did not agree to such an increase, and they have not vacated the premises, the aforesaid lease has expired by lapse of time and the defendants are a hold over tenant. CT Page 1450
In the third count the plaintiffs assert that the defendants have held over in occupation of the premises subsequent to September 1, 1995, without a rental agreement and that their right or privilege to occupy the premises has terminated. In the fourth count the plaintiffs allege that the defendants never had a right or privilege to occupy the premises subsequent to September 1, 1995, because the parties have not entered into an agreement concerning any of the terms of a continuance of the rental of the premises.
In their Answer the defendants admit that they entered into a written lease for an initial term which commenced on September 1, 1993 and terminated on September 1, 1996. However, the defendants claim that the lease was extended through September 1, 1997 by their exercise of an option to renew, attached to the original lease, and which states the following:
Exhibit "B"
 The tenant shall have the option to Renew this lease for (2) two year period from Sept 1st 1995 to Sept 1st 1997 until(1) such time other arrangments (sic) are made, such as purchase or ownership.
The plaintiffs claim that the aforesaid language — attached as Exhibit "B" — was intended to be an accommodation to the defendants' application for a liquor license and not an option to renew. In support of their argument the plaintiffs point out that the "option" contains no additional terms, such as increases in rental payments for each year of the alleged "option."
Having heard and considered the evidence presented by the parties at the trial on January 24, 1996 and February 14, 1996, including a consideration of the demeanor and credibility of the witnesses, as well as having reviewed the legal arguments offered by each side in this controversy, the court finds the facts stated hereinafter.
The parties entered into a written lease for approximately 3,300 square feet of space at 2150 Main Street in Waterbury for use as a restaurant and cafe. The lease required rental payments of $2,500 per month for the period of September 1, 1993 through September 1, 1995. The defendants invested approximately $30,000 in renovations to fit the CT Page 1451 space to their commercial needs, which they would not have invested absent an option for an additional two-year term. Attached to the lease and executed at the time of its signing is a one-page document entitled "Exhibit B" containing the aforesaid "options" language, which the parties at that time intended to augment their initial written agreement for the first two years of the leasehold. The defendants tendered $2,500 as the payment of rent for the month of September 1996. The plaintiffs refused the tender, insisting that the rent for the new term would be increased to $3,500 per month.
Guideposts for construing the meaning of the "option" language in Exhibit B have been set out in decisional precedent. In Blanck v. Kimland Realty Co., 122 Conn. 317
(1937) the Supreme Court found that mere use of the term "privilege of renewing" does not create an option to renew, and that the term may create an extension of the existing lease.
 While the use of the word "renewal" imports the giving of a new lease like the old one, it does not necessarily indicate that it is used in this strict and technical sense, for the entire lease may determine otherwise. Whether such a clause is a covenant of renewal or an agreement for extension, depends . . . upon the intention of the parties to the lease.
 Blanck, Id. at 319
Furthermore, the Supreme Court in Johnson v. Mary Oliver CandyShops. Inc., 116 Conn. 86 (1933) stated, inter alia, that
 The question as to which exists may be controlled by the intention of the parties as manifested by the entire lease, or by their practical construction of their contract whereby the privilege may be construed as one for an extension of the term although it is called one for renewal. [Emphasis added.]
 Johnson Id. at 89 CT Page 1452
In addition, the Appellate Division of the Circuit Court in the case of Corthouts v. Connecticut FireSafety Services Corporation, 2 Conn. Cir. Ct. 34 (1963), cited Johnson v. Mary Oliver Candy Shops Inc. supra,
and Blanck v. Kimland Realty Co. supra, for the following proposition:
 Where notice for renewal or extension is required by the lease, it is a condition precedent for continuation of contractual occupancy, unless the notice has been waived by agreement or conduct of the parties. If no notice is required of the lessee, the general rule, here and elsewhere, is that mere continuation of occupancy, at the end of the original term, constitutes a sufficient exercise of the lessee's option for an extension.
 Corthouts, supra, at 39
Moreover, the court in Corthouts, supra, stated further that "[o]rdinarily, a provision for renewal calls for the execution of a new lease, whereas an extension does not require a new document if, in the existing lease, at least three of the limitations for a valid lease are certain: the commencement, the continuance, and the end of the term." Id. at 38.
Applying the foregoing facts and principles in this case, the court finds that Exhibit B — attached as a part of the lease — read in conjunction with the main body of the lease, satisfies the legal requirements necessary to create an extension of the initial two-year leasehold, under the principles set out in Blanck v. Kimland Realty Co.,supra: Johnson v. Mary Oliver Candy Shops. Inc., supra:
and Corthouts v. Connecticut Fire Safety ServicesCorporation, supra. Thus, the defendants' lease has been extended under the same terms as the initial two-year period and was not terminated by the notice to quit issued in this case.[1]
For the foregoing reasons, and upon the foregoing authorities, the court enters judgment for the defendants. CT Page 1453
Clarance J. Jones, Judge