DAVID WHEELER *versus* MARCELLUS N. COWAN.

Where a written lease was made by the plaintiff to the defendant of certain real estate, to hold for the term of one year, parol evidence is inadmissible to prove, that on the day on which the lease was made, but after its execution, it was verbally agreed between them, that the defendant should occupy the premises until the affairs between the plaintiff and a third person were settled; and that those affairs had not then been settled; although two years had elapsed.

Where the occupant of land has holden the same under a written lease from the owner for the term of one year, and has holden over, after the expiration of that term, for nearly two years, and has neglected to pay any rent therefor, according to the terms of the lease or otherwise, his right to remain in possession will terminate in thirty days after written notice to quit, given to him by the owner; and at the expiration of the thirty days, he will be liable to the process of forcible entry and detainer, under Rev. St. c. 128, § 5.

THE parties agreed upon a statement of facts — from which it appeared, that the plaintiff, on March 2, 1844, made a complaint and procured a warrant against the defendant, under the provisions of Rev. St. c. 128, § 5, entitled " of forcible entry and detainer ; " that the legal title to the premises was in the plaintiff, and on March 24, 1841, the defendant took of the plaintiff a written lease of the premises for the term of one year, to commence on April 1, 1841 ; that the defendant can prove by Isaac Cowan, if it be competent for him so to do on objection made thereto, that on the day of the date of the lease and after its execution, there was a parol agreement between the parties, that the defendant should occupy the premises, according to the terms of the lease, until the affairs of the plaintiff and said Isaac Cowan were settled ; that the defendant went into possession of the premises on April 1, 1841, and has continued in the occupation since ; and that on January 30, 1844, the plaintiff gave the defendant notice in writing, in due form of law, to quit the premises, which he refused to do.

The Court were to draw such inferences from the facts agreed, as a jury might, and render such judgment in the case as the law and facts would authorize.

*Noyes* argued for the plaintiff, and contended among other grounds, that the testimony of Isaac Cowan was inadmissible, inasmuch as it tended to vary and control a written contract between the parties, related to real estate, and was not to be performed within one year. 1 Greenl. Ev. § 275; 1 Phil. Ev. 493 : 17 Mass. R. 571.

But if the testimony be admissible, the process may be maintained, for the defendant would be a mere tenant at will, "whose estate in the premises has been determined," this being before the Revised Statutes were in force, and he would be entitled only to a reasonable time to remove after the termination of the tenancy. 1 Pick. 43 ; 13 Maine R. 209. And it was determined in the case last cited, that the notice under the statute was a determination of the tenancy, and that the thirty days were the extent of reasonable time for removal. The provisions of Rev. St. c. 95, § 19, respecting three months notice to determine tenancies at will, do not apply here, for the next section expressly provides, that it shall not apply to cases of forcible entry and detainer. But the statute has no retrospective operation. To have such effect the intention must be manifest. 7 Johns. R. 477; 2 Inst. 292; 2 Lev. 227 ; 4 Burr. 2460; 10 Mass. R. 437; 16 Mass. R. 215. The plaintiff's rights were preserved by the repealing act. *Treat v. Strickland,* 23 Maine R. 234. The relations between these parties is not altered by the Revised Statutes, and the process can be maintained.

*J. Baker,* for the defendant, among other grounds, contended, that the process could not be maintained against the defendant, on such notice, the holding over, without the testimony objected to, being a tenancy at will. 12 Maine R. 246 ; 4 Kent, 112; 4 Wend. 327; 4 Cowen, 349; 1 T. R. 163; 13 Maine R. 216; 19 Maine R. 383 ; 20 Maine R. 70. The Revised Statutes were in operation before the expiration of the year, and determined the rights of the parties after that time. By c. 95, § 19, it was necessary to give three months notice, before a tenancy at will was determined, and this pro-

cess was instituted at the end of one month. The following section merely provides, that the thirty days notice under the forcible entry and detainer act, shall be sufficient, and shall not be extended by the former section to three months; and was never intended to destroy the effect of the preceding section. The holding was rightful until the end of the three months, and there must be thirty days wrongful holding before the process can be maintained. 18 Maine R. 264.

He also contended, that it was not necessary, that the Revised Statute should have any retrospective operation, and still have the effect contended for by him. The repealing clause would have exempted any right of action, if the plaintiff had one at the time the Revised Statutes went into operation ; but he had none, as the lease did not expire until April, 1842. But had it been otherwise, the remedy must have been according to the provisions of the Revised Statutes. 21 Maine R. 53 and 206.

The opinion of the Court was by

WHITMAN C. J. — By the Rev. Stat. c. 128, § 5, a lessor may proceed as and for forcible entry and detainer, against his lessee, who, after the expiration of his term, unlawfully refuses to quit the premises leased, thirty days notice in writing having been previously given him to do so. The defendant had held the premises in question, under the plaintiff, by a lease in writing, for the term of one year, ending on the first of April, 1842; and had held over ever since. In January, 1844, due notice was given him by the plaintiff to remove therefrom ; and, after the expiration of thirty days from the giving of such notice, the defendant remaining still in possession, this process, under the above statutory provision, was instituted. Thus the plaintiff would seem to have made out a case, *prima facie*, within the literal import of the statute.

The defendant in his brief statement, after pleading the general issue, it seems, from the arguments of counsel, for it does not appear expressly in the statement of facts, alleges a right to hold adversely to the plaintiff, as the tenant of one

Isaac Cowan ; or if not so, that he holds under a lease from the plaintiff, for a term not yet expired. Both of these grounds, however, would seem to have been abandoned at the trial; and under the general issue, probably, by way of showing that he did not, in the language of the statute, hold over unlawfully, he sets up a tenancy at will under the plaintiff; and, to maintain this ground, first offers to prove, that, on the 24th of March, 1841, the day on which the lease for a year was executed, but subsequently to its execution, it was verbally agreed between the parties, that, after the expiration of the term therein agreed upon, the defendant should continue to occupy the premises, until the affairs between the plaintiff and said Isaac Cowan were settled ; and that those affairs had not yet been settled. ' This evidence was objected to, and was clearly inadmissible — first, because it proposed to prove a contract, not to be performed within one year, and, secondly, because it purported to be a contract in reference to an interest in or concerning real estate, contrary to two of the provisions in c. 136, § 1, of the Rev. Stat. Other objections were insisted upon, but these were sufficient.

The defendant, next, insisted that, by the conduct of the plaintiff, he had been constituted his tenant at will. And for this purpose he relies upon his having been permitted, by the plaintiff, without any demand of possession by him, to remain in possession from the termination of the lease, which was on the first of April, 1842, till January, 1844. This, according to the English common law, would, undoubtedly, constitute him a tenant from year to year. Comyn's Landlord and Tenant, p. 9 ; Hollingsworth v. Stennett, 2 Es. Ca. 716. But by the law of this State and Massachusetts, it would constitute him a tenant at will only. Ellis v. Page & al. 1 Pick. 43. And our Rev. Stat. c. 91, § 30, expressly provides, that "no estate or interest in lands, unless created by some writing and signed by the grantor or his attorney, shall have any greater force or effect, than an estate or lease at will." This must be regarded as reducing, what would otherwise be a tenancy from year to year, to a tenancy at will. And the Rev. Stat. c. 95,

§ 19, provides that such an estate can be terminated by the landlord only, by giving the tenant notice in writing to quit possession; and if the tenant, according to the same provision, has paid rent regularly and promptly, according to the terms upon which he must be deemed to hold, he will not hold wrongfully till after three months from the time of receiving such notice; and, if he has refused or neglected to pay such rent, his right to remain in possession will terminate in thirty days after such notice. Till the happening of one or the other of these events, the tenant, in the language of the act, under which this process is instituted, could not be considered as *unlawfully* refusing to quit possession.

In this case it appears, that nearly two years had elapsed, while the defendant was holding over. When a tenant is permitted to hold over, it is to be presumed, that he does so, as to the payment of rent, upon the same terms as had been agreed upon in the lease. It does not appear, since he has so held over, that he has ever paid or offered to pay any rent. His right, therefore, under the statute, to remain in possession, terminated at the end of thirty days, after he had notice to quit the premises; and, therefore, he held unlawfully, and became subject to this process.

*Judgment for the plaintiff.*