GARDNER 'C. HALL *v.* ROGER WADSWORTH.

*Jurisdiction. Tenancy in common.*

The county court has original jurisdiction in actions of assumpsit, and for the use and occupation of real estate, brought in good faith, where the largest sum of principal, which the plaintiff could have expected to recover, was less, but with interest to the time of trial, amounted to more than one hundred dollars.

*Held*, upon the facts found by the referee, that the tenancy of the defendant in the present case was a tenancy from year to year.

In a tenancy from year to year, the tenant cannot quit at pleasure, without notice, and deprive the landlord of accruing rent. The landlord's right to notice is, to some extent, at least, reciprocal to that of the tenants.

The defendant leased of the plaintiff on the 27th of November, 1849, a dwelling-house, and occupied it thereafter as tenant, from year to year, until the tenth of November, 1852, when he quit, having given only two weeks previous notice of his intention to do so. *Held*, that he was liable for the rent to the 1st of April thereafter, the plaintiff making no claim for it beyond that time.

ASSUMPSIT for the use and occupation by the defendant of a dwelling-house of the plaintiff's. The action was referred, and the referee reported, after setting forth a specification of the plaintiff's claims, and of the payments made to him, as follows:

"November 27th, 1849, the defendant went into occupation of

the plaintiff's dwelling-house, situated in Brattleboro village, under an agreement to pay an annual rent therefor of $150, and continued such occupation till November 10th, 1852; a week or two before quitting, he sent word to the plaintiff that he was about doing so, who then replied to the messenger that he must pay rent till April, 1, 1853. I do not find that anything was agreed between the parties as to the length of the tenancy, or in what manner it might terminate.

" The plaintiff offered testimony tending to prove that the custom in Brattleboro is for yearly tenancies of dwelling-houses, to commence on the first of April. This testimony was objected to by the defendant, and was admitted, and I find the fact in accordance with it; and also that it is very unusual to let houses in the fall, and very difficult to do so. After the defendant left the house the plaintiff was unable to let it again, though effort was made until April, 1853. The said custom was known to the defendant as well as to the plaintiff.   *  *  *  *  *  *  *  *

"At the time of the service of the writ in this case, the amount due to the plaintiff, provided everything were allowed him which he claimed, was $92.90,—that is, that was the largest sum which the plaintiff could hope to recover, were every point of fact and law made by him, decided in his favor; and thus it appeared from his own books.

" If the plaintiff be entitled to recover rent for the time 'only, wherein the defendant actually occupied the premises, I find due the plaintiff, April 1, 1853, $26.66. If he be entitled to recover rent up to the 27th November, 1852, the time when the even years reckoning from the commencement of the occupation would be out, I find due to him, April 1, 1853, $34.15. If he be entitled to recover rent until April 1, 1853, I find due to him $87.90; interest to be added to whichever of the above sums shall be taken by the court as the damages in this case, from April 1, 1853, to April 1, 1855."

In the county court, April Term, 1855,—UNDERWOOD, J, presiding,—the defendant moved to dismiss the action for want of jurisdiction. The court overruled the motion, and rendered judgment, on the report, for the largest sum reported in favor of the plaintiff. Exceptions by the defendant.

*E. Kirkland* for the defendant.

*Keyes & Howe* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. The county court should not have dismissed this cause for want of original jurisdiction. There is nothing in the case to show any bad faith in bringing this suit originally to the county court. That court has apparent jurisdiction on the face of the process, and though the referee finds that the largest sum which the plaintiff could have expected to have recovered for principal, was less than one hundred dollars, yet when the claims were adjusted, the amount of principal and interest exceeded one hundred dollars. The plaintiff might well have apprehended that such would be the fact when he commenced his suit.

In regard to the sum for which a recovery should be had, it seems the possession commenced in November, 1849, at an annual rent of one hundred and fifty dollars, and continued, in fact, until the 10th of November, 1852.

No agreement was found as to the time the tenancy should expire, or in what manner it should be determined. Rent had been paid from time to time, down to the fourth day of January, 1853. From the facts found, we think, it became a tenancy from year to year, and that the defendant could not be ejected without a notice to quit; *Barlow* v. *Wainwright,* 22 Vt. 88.

In that case, it was also held, that the tenant could not quit at pleasure, and thus debar the landlord of all accruing rent. In a tenancy from year to year, a right to a notice should, at least to some extent, be regarded as reciprocal. The plaintiff in this case, when he was informed by the defendant, in the fall of 1852, that he was about to quit, only made a claim for rent up to the first of April, 1853, and, as it may well be supposed the defendant may have acted in view of such claim, the plaintiff should be limited by the claim then made, and indeed he does not now claim to recover any rent since that time.

The judgment of the county court is affirmed.