PARSONS ROSE *vs.* EDWARD S. HALL.

Although an agreement by a creditor to accept payment of a part of his debt in satisfaction of the whole, together with payment of such part by the debtor, does not, generally speaking, constitute an accord and satisfaction, yet this rule of law contemplates a part payment that is strictly a mere part performance of the original obligation, and which in consequence confers no new benefit on the creditor, and imposes no new burden on the debtor. But where by a mode or time of part payment variant from that provided for in the contract, such a new benefit is or may be conferred or burden imposed, a new consideration arises out of the transaction and gives validity to the agreement of the creditor.

Therefore, where A owed B $40,000, and it was agreed between them that A should deliver to B, in full satisfaction of the debt, two drafts, amounting to $1600, together with a certain stock of cloths, at fair market prices, and should manufacture and deliver to B, cassimeres sufficient, at fair market prices, to amount, with the cloths and drafts, to the sum of $26,000, and A performed his agreement and B accepted such performance in satisfaction of the whole debt,—it was held, in a suit brought afterward by B against A upon the original debt, that the transaction constituted a good accord and satisfaction.

ACTION of assumpsit upon the common counts.

The case was referred to auditors, on the trial before whom the defendant relied upon a claim of accord and satisfaction. The auditors reported the facts to the superior court, finding the issue for the defendant. The plaintiff remonstrated against the acceptance of the report, but the court accepted it and rendered judgment for the defendant. All the material facts, as found by the auditors and by the superior court,

are recited by Judge Sanford in giving the opinion of this court. The plaintiff, claiming that upon those facts the judgment of the superior court was erroneous, brought the record before this court by motion in error.

*Hawley,* for the plaintiff.

1. Payment of a part of a debt, though agreed to be received in full, and even though a receipt to that effect be given, is no bar to the recovery of the remainder, except when some new, distinct advantage is gained by the creditor. *Fitch* v. *Sutton,* 5 East, 230. *Warren* v. *Skinner,* 20 Conn., 559. *Bailey* v. *Day,* 26 Maine, 88. *Watkinson* v. *Inglesby,* 5 Johns., 386. Chitty on Con., 747, 763, 4, and note p. 747. *Thomas* v. *Heathorn,* 2 B. & C., 477. Bac. Ab. *Accord A.* Here the plaintiff has received no benefit. The accord could no more have been advantageous to him than $26,000 in money.

2. The agreement was not to deliver any given quantity of cloth, &c., but money's worth in cloth, to an amount of part only of the debt; to pay $26,000 and that only, in cloth estimated at market value. The mode by which the cloth was to be estimated precluded all possibility of its being more advantageous to the plaintiff than money. There is no room for presuming that the plaintiff valued the cloth, &c., at the whole amount of the debt, for it was valued by the defendant at the market price. The court can as clearly see that $26,000 worth of goods, valued by agreement of the parties at that specific price, is not equal in value to $40,000 in money, as that $26,000 in money would not be, and that there is no more satisfaction in the one case than in the other.

3. A collateral article received *generally* in payment of money is a bar, because the party receiving it agrees to receive it as in value equal to the debt, the court never interfering with his valuation. But the rule does not at all rest on the mere fact that something else than money is received in satisfaction; it rests entirely on the reason above stated. $100 worth of wheat at *market price* can not be worth more

than the $100 in money by which the same quantity of wheat could be bought. Here, as above stated, the plaintiff has not even by possible implication agreed to receive the cloth, &c., as equal in value to the debt.

*Foster* and *E. Perkins* for the defendant, cited in support of the judgment of the superior court, *Pinnel's case,* 5 Co., 117; *Steinman* v. *Magnus,* 11 East, 390; S. C., 2 Camp., 124; *Bradley* v. *Gregory,* id., 383; *Sibree* v. *Tripp,* 15 M. & W., 23; *Brooks* v. *White,* 2 Met., 283; *Boyd* v. *Hitchcock,* 20 Johns., 76; *Warren* v. *Skinner,* 20 Conn., 559; and 1 Smith Lead. Cas., 383, 386.

SANFORD, J. In this case the superior court found that after the making of the promises mentioned in the declaration, and before the commencement of the suit, it was mutually agreed, by the plaintiff and the defendant, that the defendant should, within a reasonable time thereafter, transfer and deliver to the plaintiff all his stock of cloths and cassimeres then in the hands of commission merchants in New York and elsewhere, at fair market prices, to be fixed by the defendant, and two bills of exchange amounting together to sixteen hundred dollars; and should, within a like reasonable time thereafter, manufacture and deliver to the plaintiff other cassimeres, sufficient, at fair market prices, to be fixed by the defendant, to amount, with the first mentioned cloths and said bills, to the sum of twenty-six thousand dollars in the whole, and that the plaintiff should accept and receive the same in full payment and satisfaction, &c.; that the defendant performed said agreement, and that the plaintiff received said goods and bills in full payment and satisfaction, &c.; and that at the time of said agreement, and at the time of the delivery of said goods and bills, there was due to the plaintiff a greater sum than twenty-six thousand dollars, namely, forty thousand dollars. Upon these facts the superior court rendered judgment for the defendant.

It is now claimed that that judgment is erroneous, because the record shows that the bills of exchange and the goods at

the price agreed on, amounted to less than the plaintiff's debt, and therefore could not be, in law, a satisfaction of such debt, notwithstanding the agreement of the parties and the delivery and acceptance under it.

We have no occasion to attempt the vindication of the rule on which the plaintiff relies, that the payment of part of a debt can be no satisfaction of the whole. This subject has been so recently under discussion and adjudication in this court in the case of *Warren* v. *Skinner,* 20 Conn., 559, that the existence of the rule as a settled principle of law can hardly be considered here an open question. And besides, this case does not seem to fall within its operation. The reason given for the rule is, that the creditor's agreement is without consideration. The rule however supposes the part performance of the *original* obligation,—the payment of part at the time and in the manner originally stipulated for the payment of the whole ; from which payment of a part rather than the whole, no benefit can accrue to the creditor, and no injury to the debtor.

But when a new duty is undertaken by the debtor which is, or may be burdensome to him or beneficial to the creditor, a new consideration arises out of such undertaking and sustains the agreement of the creditor; as when the debtor undertakes to pay and pays part, at an earlier day, or at another place, or in another article, than required by the original obligation.

In these and like cases a new duty is assumed by the debtor, which may be more burdensome to him and more beneficial to the creditor than the full performance of the original contract, according to its terms, would have been. In this case the debt was indeed due, and it was more than twenty-six thousand dollars, but it was by the original contract due only in money. By the new agreement it was to be paid, and was paid, partly in bills of exchange, partly in goods on hand, and partly in goods to be manufactured by the defendant for that particular purpose. And although the quantity of goods was to be and was measured by their market value, yet it is obvious that they might be in fact

worth more to the plaintiff than their market value. It might be desirable for him to obtain possession of the whole stock of that particular kind or style of goods, in order to control the market and speculate on its rise. The bills of exchange, too, gave him the security of the acceptor's name in addition to his debtor's. So that the plaintiff received, or might have received, some benefit under the new agreement, to which he was not entitled under the old. The defendant also undertook new duties. He agreed to manufacture cloths which might cost, in their manufacture, more than their fair market value, the price at which they were to be paid and received.

So that under the new arrangement the hazard of loss, trouble and inconvenience was assumed, and might have been suffered on the one side, as well as the prospect or possibility of profit or advantage secured on the other, either of which was consideration enough to support the promise of the plaintiff founded thereon.

We find no error in the judgment complained of:

In this opinion the other judges concurred.

Judgment affirmed.