SAMUEL P. WILLIAMS *vs.* THE APOTHECARIES
HALL COMPANY.

Third Judicial District, New Haven, January Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

While a mere holding over after the expiration of the term is no evi-
dence of an agreement for a further lease (General Statutes,
§ 4043), yet where there is an express lease for a month, and the
lessee continues in possession after its termination, with the ac-
quiescence of the lessor, express or implied, a tenancy is thereby
created which the law will regard as one from month to month:
that is, not a continuous tenancy, but one for recurring monthly
periods recommencing each month.

So also, if one enters and occupies under a lease for an indefinite time,
reserving an annual rental which is paid, the tenancy is in legal
effect one from year to year; and this is so whether the lease sat-
isfies the requirements of the statute of frauds or not.

An oral agreement between a lessee, in possession under a lease from
year to year, and his lessor, that until a certain question then in

dispute shall be decided by the courts the lessee shall remain in possession and pay rent monthly or quarterly, whether regarded as constituting a new lease or as merely defining the term of an existing tenancy, is within the statute of frauds and not actionable.

The acceptance of a sum of money, though tendered before due, imposes no obligation beyond that of giving proper credit for the amount, unless one is created by the terms of the tender.

A landlord's acceptance of rent and the withdrawal of an action of summary process does not commit him to an acquiescence in the truth of the defenses pleaded therein by the tenant, nor estop him from afterward denying them when again set up by the tenant in a subsequent action of like nature.

Submitted on briefs January 22d—decided March 5th, 1908.

WRIT OF ERROR to reverse a judgment of the City Court of Waterbury, *Peasley, J.*, in an action of summary process. *No error.*

*Charles G. Root,* for the plaintiff in error.

*Lucien F. Burpee* and *Terrence F. Carmody*, for the defendant in error.

PRENTICE, J. This action of summary process was brought by complaint in the usual form. It sets up a lease for the term of one month from January 1st, 1898, for the monthly rent of $35, possession taken thereunder by the lessee, the plaintiff in error, and the continuance of such possession down to the commencement of the action, the nonpayment of the rent due on August 1st, 1907, a notice to quit on or before September 3d, 1907, given on August 24th, 1907, and the lessee's retention of possession although the lease had expired by lapse of time and the required notice to quit had been given. The answer includes a general denial and a special defense. This defense sets up that the Apothecaries Hall Company on or about January 1st, 1898, leased the premises to Williams, reserving an annual rental of $400; that in the lease no time for its termination was agreed upon; that Williams entered into possession and has ever since remained in possession there-

under, paying the rent of $400 per year, as agreed, to date ; that on April 13th, 1907, when the rent was paid in full to April 1st, 1907, it was agreed that Williams should continue in possession under said lease until the question, then in the courts, as to whether certain capital stock of the Apothecaries Hall Company formerly belonging to one Rice, deceased, should be sold as a whole or be divided among the legatees of Rice, should be determined and said stock be either sold or divided, and that in the meantime Williams should pay his agreed rent either monthly or quarterly, and that said question had not been determined or said stock sold or divided. These allegations were denied.

Upon the issues thus framed, the matter in controversy became resolved upon the trial into the single issue, conceded to be controlling of the judgment, as to whether Williams' tenancy in August, 1907, was one such as the complaint averred it to have been, and as such terminable at the end of that month, or one such as was set out in the special defense. The court in the course of its instructions denominated the tenancy created by the facts alleged in the complaint as one from month to month, and that created by the facts alleged in the defense as one from year to year, and then told the jury, in substance, that the issue was practically narrowed down to one as to whether Williams' tenancy was one from month to month, as the lessor claimed, or one from year to year, as the lessee claimed.

The court was correct in describing the tenancy created by the facts set up in the complaint as one from month to month, and in assuming, as it did in its later instructions, that such a tenancy was by proper notice terminable at the end of any month for which the tenancy had come into existence. Section 4043 of the General Statutes provides that no holding over after the expiration of the term of a lease shall be evidence of an agreement for a further lease. Where, however, there is an express lease for a month and a continuance in possession by the lessee after

its termination, which is acquiesced in by the lessor, as evidenced by his verbal consent or conduct, a tenancy is thereby created which the law will regard as one from month to month. *Byxbee* v. *Blake*, 74 Conn. 607, 610, 51 Atl. 535. Such a tenancy is not regarded as a continuous tenancy, but as one for recurring monthly periods recommencing each month. *Hunter* v. *Frost*, 47 Minn. 1, 49 N. W. 327; *Gandy* v. *Jubber*, 5 B. & S. 78; 1 Taylor on Landlord & Tenant (9th Ed.), § 59.

The instructions that the tenancy set out in the special defense was originally one from year to year, were also correct. When one enters and occupies under a lease for an indefinite time, reserving an annual rental which is paid, the tenancy is in legal effect one from year to year; and this is so by the most exacting authorities, whether the lease satisfies the requirements of the statute of frauds or no. 1 Taylor on Landlord & Tenant, § 55; 1 Washburn on Real Property, § 799; *Griswold* v. *Branford*, 80 Conn. 453, 68 Atl. 987; *Hall* v. *Wadsworth*, 28 Vt. 410, 412; *Talamo* v. *Spitzmiller*, 120 N. Y. 37, 42, 23 N. E. 980. Such, clearly, was the character of the tenancy down to April, 1907. The plaintiff in error, however, urges that the facts alleged in the special defense, which he claimed to have proved, created a new status, involving consequences of importance to the lessee, which the court, in its statement of the issues, and otherwise, ignored. One of the lessee's requests to charge, asserts that the alleged agreement of April 13th, 1907, resulted in a new lease and tenancy thereunder. This contention is in direct opposition to the averments of the special defense, where it is reiterated that the lessee's possession thereafter continued under and by virtue of the original lease. Counsel, perhaps in recognition of the inconsistency of these two positions, or possibly out of respect for the statute of frauds, in his brief conforms his attitude to the pleadings, and assigns, as the effect of the agreement in question, the grafting upon the existing provisions of the tenancy, certain new ones defining its term, which had theretofore been indefinite. It is

not pretended that the agreement creating these provisions was other than a parol one. Whether, therefore, it be regarded as the source of a new lease, or as merely defining the term of an existing tenancy, its character was such that it came within the operation of the statute of frauds and was not actionable. *Larkin* v. *Avery*, 23 Conn. 304 ; *Wheeler* v. *Cowan*, 25 Me. 283, 286. Had this not been the case, it is difficult to discover how the defendant in error could have been harmed by the court's failure to give effect to the alleged agreement as creating new stipulations to be grafted upon the pre-existing tenancy, conceded to continue in existence, since the court in plainest words twice stated the broad general proposition that if the original tenancy was found to have been one from year to year the plaintiff could not recover.

The court, therefore, in its statement of the controlling issue which the jury were asked to determine, was not unfair to the plaintiff in error.

The bill of exceptions discloses that Williams, upon the trial of the summary process action, claimed to have proven that on April 13th, 1907, he paid to the Apothecaries Hall Company $500 in full payment of his rent from January 1st, 1906, to April 1st, 1907, and that the same was accepted ; that on May 29th, 1907, he tendered $100 in full payment of his rent from April 1st, 1907, to July 1st, 1907, and that the same was accepted and acknowledged by letter of June 5th, 1907 ; that on May 22d, 1907, the Apothecaries Hall Company brought a summary process action, which was withdrawn upon the payment of said $100 and after an answer had been filed therein which set up the same defense that Williams afterward pleaded in the second action ; and that Williams, upon the trial of the later action, claimed that the Apothecaries Hall Company, because of its acceptance of said sums of money after knowledge of the lessee's claim as embodied in said defense, was estopped from claiming the lease set up by it in its second action of summary process.

This claim was overruled in the charge, and properly

so.   The defendant in error was entitled to compromise its claim ·for accrued rent for whatever sum it chose, and to accept $500 in satisfaction of what was due.   The later payment of $100 claimed to have been made, was made without condition other than that it was to be payment to July 1st ; it was made in advance of the time most of it, upon any theory, was due ; and its acceptance was accompanied with a disavowal of any understanding or agreement such as the plaintiff in error had set up.   The acceptance of money duly tendered, carries with it no obligation beyond that of giving proper credit for it, unless such obligation is made a condition attached to the tender.   *Potter* v. *Douglass*, 44 Conn. 541, 544.   The payment of a sum less than the whole debt due, when made before it is payable, and much more the payment of a sum greater than the amount presently due, in anticipation that a greater sum may become due in the future, when made and accepted in satisfaction of the larger sum, is regarded as the legal equivalent of the obligation thus sought to be satisfied.   It is not the payment of the less in lieu of the greater sum.   *Rose* v. *Hall*, 26 Conn. 392, 395.   The lessor was, under the circumstances, clearly at liberty to accept the amount tendered in the manner it did, without committing itself to an acquiescence in the claims which it knew that the plaintiff in error had elsewhere asserted.

Other assignments of error, not having been pursued in the brief of counsel, require no attention.

There is no error.

In this opinion the other judges concurred.