THE HOUR PUBLISHING COMPANY *v.* ATILANO GOREZ

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-683-14843

Argued September 30—decided October 25, 1968

*Stephen L. Fine,* of Westport, for the appellant (defendant).

*Walter E. Whitton,* of Norwalk, for the appellee (plaintiff).

JACOBS, J. The plaintiff is the landlord and the defendant the tenant of an apartment in Norwalk which was let on a month-to-month tenancy commencing on the first day of the month and expiring on the last day of the month. On February 28, 1968, the plaintiff caused a notice to be served on the defendant to quit possession of the premises on or before March 11, 1968. As the defendant did not give up possession of the premises within the time specified in the notice, the plaintiff instituted summary process action; and, on May 2, 1968, judgment was rendered for the plaintiff to recover possession of the premises described in the complaint.

The sole issue raised on the appeal from the judgment is that the notice to quit was invalid and inoperative because it failed "to specify as its terminal date the last day of any monthly term." In other words, the claim advanced is that since the premises were let on a month-to-month tenancy, the time specified in the notice must expire at the end of the current month; otherwise, the judgment cannot be supported.

It is admitted that the defendant held the premises on a month-to-month tenancy and that the tenancy began on the first day of the month and expired on the last day of the month. "A tenancy from month to month constitutes an estate in real property." 51C C.J.S. 437, Landlord and Tenant, § 145. "In the case of a rental on a month-to-month basis the tenancy is not regarded as a continuous one. The tenancy for each month is one separate from that of every other month. . . . For each month, therefore, there must be a new contract of

leasing." *Welk* v. *Bidwell,* 136 Conn. 603, 606; see *Kligerman* v. *Robinson,* 140 Conn. 219, 221; *DiCostanzo* v. *Tripodi,* 137 Conn. 513, 515; 51C C.J.S. 438 n.56, Landlord and Tenant, § 145. "A tenancy from month to month is not a continuing right of possession; but as in the case of a tenancy from year to year, it is taken to end and recommence at the expiration of every month." 3 Thompson, Real Property § 1019, p. 29 (1959). "These rentings are common, particularly of apartments in tenement houses in cities. The tenants pay by the month, a circumstance evidencing a monthly hiring, and incur no obligation by removing at the end of the month." 1 McAdam, Landlord and Tenant (5th Ed.) § 41, p. 136; see 1 Tiffany, Landlord and Tenant § 14. "It is implicit in the nature of a periodic tenancy that it may, apart from any special terms agreed, be brought to an end by the unilateral act of either party." 1 Woodfall, Landlord and Tenant (26th Ed.) § 2114, p. 973.

Section 52-532 of the General Statutes provides in relevant part as follows: "When a lease of . . . any apartment in any building, . . . whether in writing or by parol, terminates by lapse of time, . . . and the owner . . . desires to obtain possession or occupancy of the same, at the termination of the lease, if any, or at any subsequent time, he . . . shall give notice to the lessee . . . to quit possession . . . of such . . . apartment, at least ten days before the termination of the lease, if any, *or before the time specified in the notice for the lessee . . . to quit possession . . . .*" (Italics supplied.) The object of the statute is to provide that the tenant shall be notified at the expiration of the lease, so that he may have at least ten days in which to make preparation to vacate the premises, having received due notification that the landlord demands possession. 1 McAdam, op. cit. § 175, p. 791.

*Hudson* v. *Kuszynski,* 12 Conn. Sup. 264, is a case on all fours. In that case, the tenants occupied an apartment on a month-to-month basis. On May 27, 1943, a notice was served on the tenants to quit possession of the premises on or before June 7, 1943. The claim was there made, as here, that the statute makes mandatory the service of the notice to quit at least ten days before the termination of the tenancy; that the notice, served on May 27, was insufficient and inadequate in the light of the statutory mandate; and that a judgment predicated on any such faulty notice to quit must be regarded as fatally defective. The court rejected this argument. It held (p. 265) that "a notice to quit, under the statute, is to be regarded as equally valid whether served at least ten days before the termination of the lease or at least ten days before the time specified in the notice for the lessee to quit possession." We cannot agree with the defendant's contention that the *Hudson* case was wrongly decided. On the contrary, we adhere to and follow the construction of the statute (§ 52-532) as interpreted in the *Hudson* case.

We hold, therefore, that in a month-to-month tenancy as in the case at bar a notice served on the defendant on February 28, 1968, to quit possession of the premises on or before March 11, 1968, meets the requirement of that portion of the statute which we have italicized.

There is no error.

In this opinion KOSICKI and WISE, Js., concurred.