[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 7, 1995
ISSUE
This is the trial of a summary process action arising out of the defendants' alleged nonpayment of rent for residential property (hereinafter "the premises") pursuant to an oral lease (hereinafter, sometimes, the "lease") containing no termination date. The defendant Darlene Costin (the only appearing defendant, who will be referred to hereinafter as "the defendant") claims that because of the provisions of §§ 47a-3b and 47a-3d
of the General Statutes, an oral lease without a termination date cannot be extended beyond its first month without an express agreement to that effect by the parties. Consequently, the defendant argues, such a lease expires at the end of its one month term, and thereafter, in the absence of a lease between the parties, no rent is due, so that a summary process action cannot then be maintained for nonpayment of rent.
FACTS
The plaintiff testified (no evidence was offered by the defendant) to the following facts, which are hereby found:
On April 4, 1994, the plaintiff and defendant entered into an oral lease, containing no termination date, for the premises which called for rent of $700;
The defendant thereafter took possession, and remains in possession, of the premises;
Shortly after the defendant took possession of the premises, the defendant said to the plaintiff that he had better come by to collect rent on the fifth day of each month, because she would not have money for rent after the fifth day;
The plaintiff thereafter went to the premises on the CT Page 2510-W fifth day of each month to collect;
During each month from April 1994 through November 1994, the defendant paid the plaintiff $700 for the premises, except that as of November 19, 1994 she had only paid $525 for August 1994 and $525 for November 1994;
No changes were agreed to by the parties in the terms concerning the defendant's occupancy of the premises between the making of the lease on April 4, 1994 and November 19, 1994;
On November 19, 1994, the plaintiff had a notice to quit (hereinafter the "first notice to quit") served on the defendant, which directed the defendant to vacate the premises on or before November 27, 1994;
On November 28, 1994, the plaintiff instituted a summary process action against the defendant (hereinafter the "first summary process action");
In her defense of the first summary process action, the defendant claimed that the first notice to quit had not been properly served;
On December 27, 1994, the plaintiff concluded that he had not made proper service of the first notice to quit, withdrew the first summary process action and served another notice to quit on the defendant (hereinafter "the second notice to quit") which stated only the following as the reason for its issuance: "Non Payment of Rent";
On January 9, 1995, the plaintiff instituted another summary process action (the instant action which will be referred to hereinafter as "the second summary process action") by a complaint alleging nonpayment of rent on December 5, 1994.
DISCUSSION
It is the defendant's claim that:
In the absence of an express agreement between the CT Page 2510-X parties extending the lease beyond its original one month term, the lease expired on May 3, 1994;
When the lease expired, so did the defendant's obligation to pay rent;
Since the defendant was not obligated to pay rent after May 3, 1994, the plaintiff cannot maintain a summary process action based on the defendant's nonpayment of rent on December 5, 1994.
The defendant's claim is premised on General Statutes §§ 47a-3b and 47a-3d, which provide:
 Sec. 47a-3b. Unless the rental agreement fixes a definite term, the tenancy is month to month, except in the case of a tenant who pays weekly rent, then the tenancy is week to week.
 Sec. 47a-3d. Holding over by any lessee, after the expiration of the term of his lease, shall not be evidence of any agreement for a further lease. Parol leases of land or tenements reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only.
The defendant argues that the lease in this case had no termination date and was therefore for one month only. Further, she argues that her holding over after the expiration of the one month term on May 3, 1994 did not create a new or extended lease. Thus, the defendant concludes, from and after May 4, 1994 there has been no lease between the parties, and accordingly there has been no obligation on her to pay rent.
While the defendant has skillfully used §§ 47a-3b
and 47a-3d to create an internally consistent argument, that argument ignores the pronouncements of our Supreme Court on this subject, as follows:
 Section 4043 of the General Statutes provides that no holding over after the expiration of the term of a lease shall be evidence of an agreement for a further CT Page 2510-Y lease. Where, however, there is an express lease for a month and a continuance in possession by the lessee after its termination, which is acquiesced in by the lessor, as evidenced by his verbal consent or conduct, a tenancy is thereby created which the law will regard as one from month to month. Such a tenancy is not regarded as a continuous tenancy, but as one for recurring monthly periods recommencing each month. Williams v. Apothecaries Hall Co., 80 Conn. 503, 506-08 (1908) (Citations omitted.)
 Even though under the statute a parol lease for an indefinite time reserving a monthly rent is one for a month only and a mere holding over is not evidence of any further leasing, the tenancy may be renewed where, in addition to holding over, there is acquiescence by the landlord in the continuance of the lease. Chipman v. National Savings Bank, 128 Conn. 493, 497 (1942). (Citations omitted.)
Applying Williams and Chipman to this case, it is clear that the defendant, by her statement to the plaintiff that he should come by to collect future rents on the fifth day of each month and by her payments to the plaintiff in several months succeeding May 4, 1994, and that the plaintiff, by his appearance at the premises on the fifth day of succeeding months and by his acceptance of those payments, intended to extend their lease for successive monthly periods. Accordingly, it is found that when the defendant held over after the expiration of the lease term which ended on December 4, 1994, and when the plaintiff did not object to that holding over until after the expiration of the defendant's grace period for paying rent, the parties, by their conduct, entered into a lease for the month beginning December 5, 1994. The rent for that lease period not having been paid, this action properly lies.
The defendant claims that the first notice to quit which was served by the plaintiff in November 1994 negated any acquiescence by the plaintiff in the creation of a new lease for the month beginning December 5, 1994. The court previously denied a motion to dismiss this action on that ground on the authority of CT Page 2510-ZBridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574 (1988), which held that if a notice to quit is deficient as foundation for a summary process action, it is also deficient as a termination of a lease. Similarly, a defective notice to quit does not negate a landlord's acquiescence in the creation of a new monthly tenancy resulting from a tenant's holding over.
CONCLUSION
Judgment is hereby entered in favor of the plaintiff for immediate possession of the premises.