[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking money damages for unpaid rent, the costs related to eviction, and reimbursement for repairs to damage to the apartment owned by the plaintiff. The defendant, Norman Boisvert, denies being liable for these sums. The first stage of a bifurcated trial was held before the court on November 1, 1995, and was limited to determining liability, the issue of damage being reserved to a subsequent hearing if necessary.
The court finds the following facts. On April 12, 1993, the plaintiff, owner of 29 Community Avenue, Plainfield, entered into a written lease agreement with the defendants, Norman Boisvert and his daughter, Regina. (Plaintiff's Exhibit A.) By its terms the written lease expired on November 30, 1993, but expressly provided that the tenancy would convert to a month-to-month one after the expiration date. The written lease also provided that additional rent could be charged for destruction to the apartment during the defendants' tenancy and that the defendants were obligated to reimburse the plaintiff for costs of collection including attorney's fees.
During the term of the written lease, Norman occupied the apartment along with his twenty year old daughter and her child. They resided together after the lease expired in November 1993. Unfortunately relations between father and daughter strained, and in July 1994, Norman decided to live elsewhere. Norman informed the plaintiff that he would move out the following month.
The plaintiff voiced concern over Regina's ability to continue to pay the rent on her own. Norman assured the plaintiff that he would pay the September 1994 rent if Regina failed to do so. On July 29, 1994 Norman signed a written lease for an apartment in Groton. In early August 1994, Norman moved out of 29 Community Avenue and into his new residence. Norman removed all of his clothing and personal items from his former apartment except for his furniture which he left for his daughter's use.
Rent owed up to August 1994 was always paid timely. Regina paid the rent for September 1994 on time, but she failed to pay any rent thereafter. The plaintiff had to resort to summary process to evict Regina. Sometime after Norman vacated the premises damage was done to the apartment. The plaintiff has previously obtained judgment against Regina in this case.
The only issue before the court is whether Norman Boisvert is CT Page 13515 liable for the unpaid rent which accrued after September 1994, the costs related to eviction of Regina, and the damage inflicted after he moved out of the apartment. The court concludes he is not liable for these expenses.
After the written lease expired on November 30, 1993, the tenancy became month-to-month. A month-to-month tenancy is not a continuous one, but rather each month is a tenancy separate and distinct from every other month. Welk v. Bidwell, 136 Conn. 603,607 (1950); Hite v Field, 38 Conn. Sup. 70, 73 (1982). The court finds that Norman Boisvert has proven that he terminated his tenancy at 29 Community Avenue as of August 1994.
It is implicit that a month-to-month tenancy may be terminated by the unilateral act of either party. Hour PublishingCo. v. Gores, 5 Conn. Cir. Ct. 419, 421 (1968). Norman informed the plaintiff of his termination of the tenancy as of August 1994. He vacated the apartment and moved to a new residence. Norman's willingness to support his daughter for the month of September 1994 created no new tenancy with respect to himself. Because his tenancy was terminated in August 1994, Norman incurred no responsibility for later delinquencies by his daughter. The tenancy after August 1994 was one between the plaintiff and Regina alone.
Judgment may enter for the defendant Norman Boisvert.
Sferrazza, J.