[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's summary process complaint, the third in six months, alleges that on February 18, 1996, the plaintiff and the defendant entered into an oral month to month lease with a monthly rental of $450.00. The complaint further alleges that the defendant took possession, that the lease has terminated by lapse of time and that the defendant failed to pay rent for the period November 18, 1996 through December 17, 1996. On January 16, 1997 the plaintiff had served the defendant with a notice to quit on or before January 25, 1997 for "(1) nonpayment of rent when due for the period November 18, 1996 through December 17, 1996; (2) lapse of time." The defendant has moved to dismiss the action.
 I
The first ground[1] of the defendant's motion to dismiss is that service of the complaint was not made six days before the complaint as required by General Statutes § 47a-23a.[2]
There is no question but that there was not compliance with the statute. The plaintiff argues that the defect is not jurisdictional and is amendable. The Connecticut supreme court has stated that "the purpose of [General Statutes §] 52-72
`is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction.' Hartford National Bank TrustCo. v. Tucker, 178 Conn. 472, 478-79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980). The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618, 623, 642 A.2d 1186 (1994).[3] However, the file CT Page 725 does not reflect that the plaintiff has sought leave to amend the return date. Compare, id., 621; Andover Limited Partnership I v.Board if Tax Review, 232 Conn. 392, 395, 655 A.2d 759 (1995).
 II
The second ground for the defendant's motion to dismiss is that the grounds stated in the notice to quit are, in the circumstances of this case, insufficient. In connection with this claim an evidentiary hearing was held.
A. Nonpayment of Rent
The first ground for termination of the tenancy in the notice to quit was "nonpayment of rent when due for the period November 18, 1996 through December 17, 1996."
This was a month to month tenancy. "In the case of a rental on a month-to-month basis the tenancy is not regarded as a continuous one. The tenancy for each month is one separate from that of every other month. Corrigan v. Antupit, 131 Conn. 71, 76,37 A.2d 697 [1944]; Chipman v. National Savings Bank, 128 Conn. 493,497, 23 A.2d 922 ; Williams v. Apothecaries Hall Co.,80 Conn. 503, 506, 69 A. 12. For each month, therefore, there must be a new contract of leasing. Where there has been no meeting of the minds there is no contract." Welk v. Bidwell, 136 Conn. 603,606-607, 73 A.2d 296 (1950). Not only from the two priorallegedly defective notices to quit but also from the totality of the circumstances, it is abundantly clear that by November 18, 1996, there was no meeting of the minds as to the continuation or terms of any tenancy. The plaintiff did not want the defendant as a tenant. Indeed, the defendant had tendered a check for the full amount of the rent in October, noting on the check that it was for "rent"; the plaintiff had endorsed the check but wrote on it that it was "for use and occupancy". of course, no tenancy could be inferred because of the defendant's holding over. Id., 608; General Statutes § 47a-3d;[4] DiCostanzo v. Tripoli,137 Conn. 513, 515, 78 A.2d 890 (1951). The defendant became a tenant at sufferance. "A tenancy at sufferance arises when a person who came into possession of land rightfully, continues in possession wrongfully after his right thereto has terminated." Welk v.Bidwell, supra, 136 Conn. 608-609 (1950); see also General Statutes § 47a-23 (d).[5] "As a tenant at sufferance, the defendant was not liable for any stipulated rent." Welk v.Bidwell, supra, 136 Conn. 609; see Rivera v. Santiago,
CT Page 7264 Conn. App. 608, 610, 495 A.2d 1122 (1985); cf. Rosa v. Cristina,135 Conn. 364, 366, 64 A.2d 680 (1949)]; Pelensky v. Alejos, Superior Court, Judicial District of Fairfield (Housing Session), No. SPBR 9604 31878 (Jul. 17, 1996) (Tierney, J.). The defendant, therefore, could not be evicted for nonpayment of rent.
B. Lapse of Time
The only other ground stated in the notice to quit is "lapse of time". Under the prevailing doctrine, "[f]or lapse of time to be a valid reason for the issuance of a notice to quit there must an underlying lease whether oral or written. Lapse of time is not a sufficient reason to terminate a tenancy at sufferance. A tenancy at sufferance does not involve a contract or a lease.Bermudez v. Rodriguez, H-798, December 17, 1986 (Goldstein, J.),Duprey v. Bourque, H-514, February 8, 1984 (Aronson, J.), YaleUniversity v. Valinho, H-1033, October 12, 1994 (DiPentima, J.),Invest II. v. The Southern Connecticut Mental Health SubstanceAbuse Treatment Center, SNBR-440, September 27, 1995 (Tierney,J.), Commissioner of Transportation v. The Dock, Inc., SNBR-446, November 20, 1995, (Tierney, J.)." Invest II v. SouthernConnecticut Mental Health/SUB. AB., No. SBPR 9510-30624 (December 6, 1995) ; Larsen v. Timothy's Ice Cream, Inc., No. SPBR 9505-29502 (June 30, 1995). This is not merely a hypertechnicality spun by devious lawyers and jurists; it is grounded firmly in the statute, § 47a-23 (a) ("When the owner or lessor . . . desires to obtain possession or occupancy . . . and (1) when arental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time. . . ." [Emphasis added]).
The motion to dismiss is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court