## FJK ASSOCIATES *v.* MAIDA KARKOSKI
### (AC 17794 )

O'Connell, C. J., and Sullivan and Daly, Js.

Argued November 5, 1998—officially released March 2, 1999

*Raymond J. Lemley*, for the appellant (defendant).

*David E. Crow, Jr.*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant tenant appeals from a judgment for the plaintiff landlord in a summary process action seeking possession of the subject premises for nonpayment of rent and lapse of time. The dispositive issue on appeal is whether the trial court improperly found that the plaintiff sustained its burden of proof on its lapse of time claim. We affirm the judgment of the trial court.

The parties entered into a written lease agreement for one year on or about December 12, 1994. The written lease terminated on December 31, 1995, by its terms.

After January 1, 1996, the defendant paid rent monthly to the plaintiff until May and June, 1997. On June 19, 1997, the plaintiff served the defendant a notice to quit possession on or before June 30, 1997. Because the defendant remained in possession after June 30, 1997, the plaintiff brought a summary process action against her, alleging that the tenancy had terminated by lapse of time and because of nonpayment of rent for the months of May and June, 1997. The defendant denied the allegations and filed two special defenses. The first special defense was that the subject premises contained numerous housing code violations. That defense was abandoned by the defendant at oral argument before this court. The second special defense alleged that the subject premises lacked a certificate of occupancy.

The trial court found that the plaintiff sustained its burden of proof on both lapse of time and nonpayment of rent. The trial court also found that the defendant did not sustain her burden of proof on either of her special defenses. This appeal followed.

The defendant first claims that the trial court incorrectly held that lapse of time was a proper basis for termination of this tenancy. We find no merit to this claim. The trial court correctly held that lapse of time was an adequate ground for termination under the facts of this case.[1]

---

[1] General Statutes § 47a-23 (a) provides in pertinent part: "When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands, and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time . . . (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83 . . . such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or

After the written lease expired by its terms, the plaintiff continued to accept the defendant's monthly rent payment, creating a month-to-month tenancy. See General Statutes § 47a-3b;[2] *Williams* v. *Apothecaries Hall Co.*, 80 Conn. 503, 507, 69 A. 12 (1908). A periodic tenancy may be terminated unilaterally by either landlord or tenant. *Hour Publishing Co.* v. *Gorez*, 5 Conn. Cir. Ct. 419, 421, 254 A.2d 919 (1968). "In the case of a rental on a month-to-month basis the tenancy is not regarded as a continuous one. The tenancy for each month is one separate from that of every other month." *Welk* v. *Bidwell*, 136 Conn. 603, 606–607, 73 A.2d 295 (1950). The renewal of a month-to-month tenancy requires the payment of rent by the tenant and the acceptance of payment by the landlord or "other circumstances showing an agreement to continue the lease." *Webb* v. *Ambler*, 125 Conn. 543, 551, 7 A.2d 228 (1939). The mere act of holding over does not create a new tenancy. General Statutes § 47a-3d;[3] *Webb* v. *Ambler*, supra, 551. Instead, the holdover tenant becomes a tenant at sufferance with no legal right to possession. *Corthouts* v. *Connecticut Fire Safety Services Corp.*, 2 Conn. Cir. Ct. 34, 36–37, 193 A.2d 909 (1963). A landlord may properly remove such a tenant at sufferance through a summary process action for lapse of time. General Statutes § 47a-23 (a);[4] *Webb* v. *Ambler*, supra, 551.

---

before the time specified in the notice for the lessee or occupant to quit possession or occupancy.

[2] General Statutes § 47a-3b provides: "Unless the rental agreement fixes a definite term, the tenancy is month to month, except in the case of a tenant who pays weekly rent, then the tenancy is week to week."

[3] General Statutes § 47a-3d provides: "Holding over by any lessee, after the expiration of the term of his lease, shall not be evidence of any agreement for a further lease. Parol leases of lands or tenements reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only."

[4] See footnote 1.

The defendant here did not pay rent after May, 1997, and the plaintiff did not accept rent after that date. Absent any other circumstances indicating an agreement to continue the lease after May, 1997, the lease terminated at that time. The defendant remained on the premises and continues to remain as of the hearing on this appeal. As we have noted, however, holding over by a lessee is not evidence of a new lease. The plaintiff provided the defendant with a notice to quit that gave the defendant more than ten days to quit possession of the premises. Therefore, we conclude that the trial court properly concluded that the plaintiff was entitled to possession because of lapse of time. Because this issue is dispositive, we need not consider the other issues raised on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.