[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. PROCEDURAL HISTORY
The defendants have filed the instant Motion to Dismiss claiming that the plaintiff failed to serve a proper Notice to Quit upon the tenant, Nemeth/Martin Personnel Consulting, Inc. The parties originally had a written lease. Said tenant became a month-to-month tenant on May 1, 1998. The Notice to Quit was served on January 15, 1999, and required the defendant to vacate the premises on January 31, 1999. Defendants claim that the notice is defective since the lease did not expire until 11:59 p. m on January 31, 1999. Therefore, they claim that the instant Notice to Quit is defective since the notice did not state a date for vacating which is required to be after the expiration of the lease. Welk v. Bidwell, 136 Conn. 603, 606 (1950). CT Page 2784
The plaintiff has objected to the Motion to Dismiss on the basis that the Notice to Quit (by stating the date of January 31) required the tenant to vacate the leased premises on or before 11:59 p. m. on January 31, 1999. Plaintiff further argues that the landlord had the right to occupy the premises as of 12:01 a.m. on February 1st. A Notice to Quit as of February 1, would have permitted the tenant to remain on the premises until 11:59 p. m. on February 1, preventing the landlord from occupying the premises that day.
II. LAW
After the written lease expired by its terms, the plaintiff continued to accept the defendants' monthly rent payment creating a month-to-month tenancy. See General Statutes § 47a-3b;Williams v. Apothecaries Hall Co., 80 Conn. 503, 507, 69 A. 12
(1908).
Oral month-to-month tenancies are deemed separate and distinct tenancies. It is axiomatic that on a month-to-month tenancy, the contract to lease commences on the first day of the month and expires on the last day of the month. Corrigan v.Antupit, 131 Conn. 71 (1944). A periodic tenancy may be terminated unilaterally by either landlord or tenant. HourPublishing v. Gorez, 5 Conn. Cir. Ct. 419, 421, 254 A.2d 919
(1968). Pursuant to Connecticut General Statutes § 47a-23a, the Notice to Quit must be served at least three days before the termination of the rental agreement or lease and must state a date for vacating which is not prior to the expiration of the lease. Welk v. Bidwell, supra, 606. See also FJK Associates v.Karkoski, 52 Conn. App. 66 (1999).
In the instant action, the defendant was served with the Notice to Quit sixteen days prior to the termination of the lease.
In view of the fact that the last date on the notice was January 31, the notice was not premature. The defendant had until January 31 at 11:59 p. m. vacate the premises which was the date and time when the lease expired.
III. CONCLUSION
Based on the foregoing reasons, the defendants' Motion to CT Page 2785 Dismiss is denied
Dennis G. Eveleigh, Judge