[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Procedural History
The plaintiffs instituted this summary process action by service of a Notice to Quit dated April 17, 2002 served on the defendants on April 19, 2002 terminating the lease on or before May 1, 2002 for the stated reason: Lapse of Time. The Writ, Summons and Complaint, return date July 30, 2002 were served on the defendants on July 20, 2002. The defendants filed a Motion to Dismiss dated August 12, 2002 alleging that the Court was without subject matter jurisdiction to hear the case claiming that the Notice to quit was legally defective.
Facts
The defendants Mr. Mrs. Purdy and their son Aaron occupied the premises located at 276 A Gay Street in the Town of Sharon, Connecticut pursuant to a lease agreement with the plaintiffs Peter Hill and Tara Cafiero. Pursuant to the lease dated October 5, 2001, the parties agreed that the lease would run for approximately seven months commencing on October 5, 2001 and terminating on April 30, 2002 with the following provision:
 ". . . if the tenant remains in possession of the lease premises with the consent of the landlord after the lease expiration date stated above, this lease will be converted to a month to month lease and each party shall have the right to terminate the lease by diving at least one month prior written notice to the other party. (Lease ¶ 2)" (emphasis added)
On April 19, 2002 the plaintiffs served the defendants with a Notice to Quit (NTQ #1) ordering the defendants to quit possession of the premises on or before May 1, 2002 for the stated reason; lapse of time. The CT Page 15448 plaintiffs instituted a summary process action (DN 18-8565) based on this NTQ #1. On May 22, 2002 the plaintiffs filed a withdrawal of this action predicated on a procedural deficiency, not challenging the Notice to Quit. On the same day, the plaintiffs served the defendants with a Notice to Quit dated May 22, 2002 requesting termination of occupancy on June 1, 2002 for the stated reason: lapse of time. (NTQ #2). The plaintiffs instituted a summary process process action, D.N. 18-8603, based on NTQ #2. On July 9, 2002, the plaintiffs withdrew their summary process action in response to the defendants' Motion to Dismiss alleging lapse as an improper ground for termination as no lease existed as of this date.
On that same date, July 9, 2002, the plaintiffs obtained a court certified copy of their original NTQ #1 and attached said copy to the instant summary process action dated July 9, 2002 return date July 30, 2002 again alleging lapse of time, the defendants now file a Motion to Dismiss dated August 12, 2002 alleging that the plaintiffs' previous withdrawals of their summary process actions reinstated the lease agreement of the parties thereby requiring the service of a new notice to quit to terminate the lease and support the underlying summary process action.
Law
The lease dated October 5, 2001 provided for a lease of seven months commencing on October 5, 2001 and terminating on April 30, 2002. On April 19, 2002 the plaintiffs served a Notice to Quit the premises on or before May 1, 2002 for lapse of time. Pursuant to the terms of the lease the agreement terminated on April 30, 2002. By service of the Notice to Quit prior to the lease expiration date, the plaintiffs unequivocally notified the defendants of their complete lack of consent to continue the lease on a month to month basis.
 Summary Process is a statutory remedy which enables a landlord to recover possession of rental premises from the tenant upon termination of a lease. General Statutes § 47a-23. It is preceded by giving the statutorily required notice to quit possession to the tenant. Webb v. Ambler, 125 Conn. 543, 552-53, 7 A.2d 228
(1939). Service of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of termination of the lease. The lease is neither voided or rescinded until the landlord performs this act and, upon service of a notice to quit possession, a tenancy at will is converted to a tenancy at sufferance. (cit omitted) CT Page 15449
Housing Authority v. Hird, 13 Conn. App. 150, 155 (1988).
As a result of this April 19, 2002 notice to quit, the lease was unequivocally terminated. The landlords did not consent to a month to month tenancy. The defendants became tenants at sufferance. If indeed the withdrawal of the second summary process action "effectively erased the court slate clean" . . . placing the plaintiff and defendant "back to square one", Housing Authority v. Hird, 13 Conn. App. 150, 157 (1988), square one would be no valid lease. the tenants becoming tenants at sufferance. The defendants argument that the lease was reinstated as a matter of law by the plaintiffs' withdrawal of the prior summary process action cleverly ignores that fact that at this time there was no valid lease to reinstate.
Absent some "other circumstances showing an agreement to continue the lease . . . Webb v. Ambler, 125 Conn. 543, 551, 7 A.2d 228 (1939)" there is no tenancy. FJK Associates v. Karkoski, 52 Conn. App. 66, 68 (1999). The "holdover tenant becomes a tenant at sufferance with no legal right to possession." (Cit omitted). "A landlord may properly remove such a tenant at sufferance through a summary process action for lapse of time. General Statutes § 47a-23 (a): Webb v. Ambler, supra, 551." TJKAssociates, supra, at 68 (emphasis added).
Conclusion
The Court concludes that in this summary process action there was no lease agreement between the parties requiring the service of a new notice to quit. The defendants were tenants at sufferance. Lapse of time is a proper basis for removing a tenant at sufferance. The Notice to Quit specified on or before May 1, 2002. Said date was after the April 30, 2002 lease termination date. The Court has subject matter jurisdiction. For the above stated reasons, the Motion to Dismiss is denied.
The Court
 ___________________ Black, J.
CT Page 15450